**Martin R. LONG, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16779.**

United States Court of Appeals
Eighth Circuit.

Nov. 8, 1961.

Martin R. Long, pro se.

F. Russell Millin, U. S. Atty., Kansas City, Mo., and John S. Boyer, Jr., Asst. U. S. Atty., Kansas City, Mo., were on the brief for appellee.

Before VOGEL, VAN OOSTERHOUT and BLACKMUN, Circuit Judges.

PER CURIAM.

Martin R. Long appeals herein from an order of the United States District Court for the Western District of Missouri overruling his motion to vacate sentence filed under 28 U.S.C.A. § 2255.

On February 11, 1954, a two-count indictment was returned against the appellant. The first count charged a violation of the Dyer Act, 18 U.S.C.A. § 2312. Such count was dismissed. The second count charged a violation of 18 U.S.C.A. § 752, in which it was alleged:

> "That on or about the 16th day of February, 1953, one Martin Robert Long did unlawfully, wilfully, knowingly and feloniously aid and assist in the escape from the Greene County Jail, Springfield, Missouri, of Fred Paul Shannon and Jack Harold Richardson, who had been arrested upon a warrant issued under the law of the United States and committed to the custody of the Attorney General, and said custody and confinement was by virtue of an arrest on a charge of felony."

Tried before a jury, the appellant was found guilty and on April 20, 1954, was sentenced on said Count 2 to serve four years

> "* * * Sentence to begin at the expiration of sentence or sentences now serving in any prison or institution."

At the time of indictment and prior to trial appellant had been serving a sentence in the Arizona State Prison at Florence, Arizona. After trial herein he was returned to complete service of such sentence. On July 5, 1960, being released therefrom, he was transferred to the United States Penitentiary at Leavenworth, Kansas, where he began serving the sentence under attack here.

On February 10, 1961, appellant filed his first motion to vacate sentence under § 2255. This motion was overruled by the District Court by order dated February 24, 1961. On March 21, 1961, appellant filed a second motion, supported by an affidavit, for vacation of sentence

**150**

*in forma pauperis.* Such motion was overruled by the District Court on March 22, 1961. Appellant's notice of appeal to this court covered both applications jointly. In an order dated May 26, 1961, this court denied Long's application to appeal *in forma pauperis* from the District Court's order of February 24, 1961, for the reason that the question sought to be raised represented on the face of the record a matter which would be cognizable only on an appeal from the conviction. Long's application for leave to appeal *in forma pauperis* from the District Court's order of March 22, 1961, was granted. It is that order which is on review here.

■ Appellant was indicted, tried, convicted and sentenced under 18 U.S.C.A. § 752, which provides:

"§ 752. Instigating or assisting escape

"Whoever rescues or attempts to rescue or instigates, aids or assists the escape of any person arrested upon a warrant or other process issued under any law of the United States, or committed to the custody of the Attorney General or to any institution by his direction, shall, if the custody or confinement is by virtue of an arrest on a charge of felony, or conviction of any offense, be fined not more than $5,000 or imprisoned not more than five years, or both; or, if the custody or confinement is for extradition or by virtue of an arrest or charge of or for a misdemeanor, and prior to conviction, be fined not more than $1,000 or imprisoned not more than one year, or both." (Enacted June 25, 1948.)

It is the appellant's contention that the foregoing statute is applicable only to "prison officials and outsiders" and accordingly, he being an inmate confined in the Greene County Jail at Springfield, Missouri, at the time of the commission of the acts charged, could not be prosecuted thereunder. In support of his contention he cites Kahl v. United States, 10 Cir., 1953, 204 F.2d 864, 865. That case was concerned with a charge of conspiracy to commit the offense of causing or attempting to cause the escape of prisoners in violation of 18 U.S.C.A. § 252, which the court there does refer to as "(now § 752)". It does contain dictum supportive of Long's assertion here, in that the court there said:

"Upon the hearing of the motion to vacate, it was apparently conceded, and the trial court held, that the facts alleged in the indictment do not charge a valid conspiracy under § 252. This is so because § 252 applies only to prison officials and outsiders, and is inapplicable to inmates."

It could be that the court in Kahl in referring to 18 U.S.C.A. § 252 (1940 edition) was misled by the first words of the opening sentence of that statute, which read

"Any person employed at any Federal penal or correctional institution as an officer or employee of the United States, *or any other person* who instigates, connives at, wilfully attempts to cause, * * *" etc., (emphasis supplied)

and in so doing overlooked the words underlined above, "or any other person". The point, however, is utterly immaterial. The statute which Long is charged with violating here was applicable to "*Whoever* rescues or attempts to rescue or instigates, aids or assists the escape of", etc. (Emphasis supplied.) It is not confined to prison officials and outsiders. Its plain words encompassed anyone— "whoever" does the prohibited thing. It was applicable to the appellant even though he was an inmate of the jail at the time. His contention to the contrary may not be sustained.

■■ Appellant also attempts to attack the validity of his indictment on the ground that it "failed to state mandatory essential ingredients of the crime charged". A reading of the indictment indicates that it clearly and succinctly states the charge against the appellant

with sufficient clarity to apprise him of the nature thereof, make it possible for him to intelligently defend against it, and also to plead it in bar to future prosecution. More may not be expected or required. Even if details had been necessary, a request for a bill of particulars at the time of trial should have been made. Any such attack on the indictment now comes too late.

Affirmed.