**Charles William EATON and Sammy Lee Eaton, Appellants,**

v.

**UNITED STATES of America, Appellee.**

**No. 23901.**

United States Court of Appeals
Fifth Circuit.

July 12, 1968.

Rehearing Denied July 31, 1968.

Certiorari Denied Nov. 12, 1968.

See 89 S.Ct. 299.

Julius Lucius Echeles, Jo-Anne F. Wolfson, Chicago, Ill., for appellants.

H. M. Ray, U. S. Atty., Raymond L. McGuire, Asst. U. S. Atty., Oxford, Miss., for appellee.

Before JONES and GODBOLD, Circuit Judges, and SCOTT, District Judge.

PER CURIAM:

The first count of the indictment against the appellants charged a conspiracy to possess distilled spirits in unstamped containers and to conceal and remove "commodities" to evade taxes. The second and third counts charged the possession and transportation of untaxed spirits. In short, this is another moonshine liquor case. Charles William Eaton was found guilty by a jury verdict on the first two counts of the indictment and acquitted of the charge in the third

486

count. Sammy Lee Eaton was convicted on all counts of the indictment. From the judgment and sentence of the court this appeal has been taken.

This Court is urged to reverse the convictions of the appellants on the ground that the Government prosecutor engaged in improper cross examination of a defense witness and one of the defendants, and on the ground that the prosecutor made improper remarks and argument to the jury. Although the appellants were represented at their trial by three experienced lawyers, none of the questions urged on this appeal by other counsel were raised at the trial by objection or otherwise. The appellants rely upon the plain error rule. Rule 52(b) Fed.Rules Crim.Proc. 18 U.S.C.A. As a prelude to the argument that this rule should be invoked, the appellants assert that they "were convicted by means of a trial which violated all known concepts of a fair trial in a federal court, thus" they say, they "were convicted unfairly without proper regard for due process of law."

Our examination of the record persuades us that it will never be used as a model for prosecutors to follow in other cases. Our examination does not persuade us that the appellants have been denied due process of law or that they have been deprived of any other constitutional right.

■ The plain error rule was intended to be and should be applied to serve rather than to subvert the ends of justice. The rule is to be invoked only in exceptional circumstances to avoid a miscarriage of justice. There was more than enough admissible evidence to establish the appellants' guilt. We cannot say that they were denied a fair trial. Tomley v. United States, 5th Cir. 1957, 250 F.2d 549, cert. den. 356 U.S. 928, 78 S.Ct. 716, 2 L.Ed.2d 759; Mims v. United States, 5th Cir. 1967, 375 F.2d 135.

The judgment and sentences of the district court should be and are

Affirmed.