**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Louis CERULLO, Defendant-Appellant.**

**No. 29688.**

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1970.

Bill H. Sheehan, Dumas, Tex., for defendant-appellant.

W. E. Smith, Asst. U. S. Atty., Eldon B. Mahon, U. S. Atty., Fort Worth, Tex., for plaintiff-appellee.

Before RIVES and SIMPSON, Circuit Judges, and NICHOLS,* Judge of Court of Claims.

PER CURIAM:

Louis Cerullo was indicted, tried before a jury and convicted of three counts of violation of the National Motor Vehicle Theft Act, Title 18, U.S.C., Section 2312. He received a confinement sentence under one count, and probation conditioned upon the payment of fines under the other two.

On this appeal he asserts three grounds of error, none of which we consider substantial. Accordingly, we affirm, for reasons indicated briefly below.

■ Cerullo did not take the stand in his own defense. During closing argument the prosecuting attorney, in attempting to give examples explaining the nature of circumstantial evidence said "The same thing holds true here, ladies and gentlemen. This is circumstantial evidence. He didn't make any admission that we could get for you". In view of the context in which those words were used, coupled with his later explicit instruction that the jury was not entitled to draw any unfavorable inference from the defendant's failure to testify, we think the trial judge correctly denied appellant's motion for mistrial on the ground that the government attorney was permitted to comment on his failure to take the stand.

■ The next point urged is the insufficiency of the evidence to support conviction, mainly with respect to the defendant's connection with the transportation of the automobiles from the State of New York to the State of Texas, and further with respect to the knowledge of appellant, a used car dealer in New York, of the stolen character of the three vehicles covered by the indictment. The government's evidence was very clear that the defendant caused the transportation of the vehicles from New York to Texas. The circumstances of their theft, their possession by the appellant a day or so later, and his efforts to arrange their sale under false title papers to buyers in a distant state provided ample evidence to warrant a jury inference as to Cerullo's guilty knowledge.

■ The third point raised on appeal questions the right of the prosecution to prove that four other recently stolen vehicles were sold by the appellant to buyers in Texas and Oklahoma at times shortly prior to the indictment transactions. The objection of course is that this evidence was proof of other unrelated crimes. The trial court permitted introduction of this testimony before the jury as tending to show the criminal intent and knowledge of Cerullo with respect to the indicted offenses. We think the evidence was properly admitted for this declared purpose, especially in view of the fact that the transactions outside the indictment were so closely connected with the indicted offenses in time and method as practically to form one complete transaction. Oden v. United States, 5 Cir. 1969, 410 F.2d 103; Hill v. United States, 5 Cir. 1966, 363 F.2d 176; Roe v. United States, 5 Cir. 1963, 316 F.2d 617, 622; Bartlett v. United States, 5 Cir. 1956, 232 F.2d 135; United States v. Wall, 7 Cir. 1955, 225 F.2d 905; cert. denied 350 U.S. 935, 76 S.Ct. 307, 100 L. Ed. 816; White v. United States, 5 Cir. 1952, 200 F.2d 509, 513; Schwartz v. United States, 9 Cir. 1949, 160 F.2d 718; Weiss v. United States, 5 Cir. 1941, 122

* Honorable Philip Nichols, Jr., sitting by designation.

F.2d 675, cert. denied 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550; 22A C.J.S. Criminal Law § 683.

Affirmed.