**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James Woodrow RUDINSKY, Defendant-Appellant.**

**No. 20527.**

United States Court of Appeals, Sixth Circuit.

March 26, 1971.

---

George V. Warren, Lansing, Mich., (Court appointed), for defendant-appellant.

Richard L. Delonis, Asst. U. S. Atty., Detroit, Mich., for plaintiff-appellee; Ralph B. Guy, Jr., U. S. Atty., Detroit, Mich., on brief.

Before WEICK, BROOKS and MILLER, Circuit Judges.

WILLIAM E. MILLER, Circuit Judge.

In 1966, appellant pleaded guilty to possession of stolen mail and was sentenced to five years' imprisonment. After short stays in prisons in Michigan, Georgia, and Minnesota, appellant was transferred to the Federal Community Treatment Center in Detroit, Michigan. He was permitted to leave the Treatment Center between 6:00 A.M. and 6:00 P.M. for the purpose of holding regular employment and eating his meals. On May 26, 1969, two weeks after his arrival at the Treatment Center, appellant failed to return at the prescribed time and did not inform anyone at the Center of his whereabouts. Three months later he was apprehended by federal agents and subsequently indicted for escaping from federal custody, in violation of 18 U.S.C. § 751(a). In January, 1970, he was convicted of that offense and sentenced to four years' imprisonment by the United States District Court for the Eastern District of Michigan, Southern Division. Appellant raises three questions on appeal from the conviction.

First, appellant alleges that the indictment was defective. The in-

dictment reads in pertinent part as follows:

> That on or about the 26th day of May, 1969, at Detroit, Michigan, in the Eastern District of Michigan, James Woodrow Rudinsky, defendant herein, having theretofore been convicted of an offense against the United States in the United States District Court for the Eastern District of Michigan, to wit: for violation of 18 U.S.C. Section 1708, and being then and there held in lawful custody at the Federal Community Treatment Center, 1950 Trumbull Avenue, Detroit, Michigan, pursuant to a commitment issued under the laws of the United States, did willfully and unlawfully escape from such custody; in violation of Section 751(a), Title 18, United States Code.

Appellant maintains that the crime of escape has three elements: (1) a conviction, (2) escape, and (3) escape from confinement arising by virtue of that conviction. He argues that the present indictment fails to state that his previous conviction for violation of 18 U.S.C. § 1708 (possession of stolen mail) resulted in the confinement from which he was accused of escaping. We do not agree with appellant's overly technical reading of the indictment. In one sentence the indictment clearly states that the appellant had been convicted of violating 18 U.S.C. § 1708 and "being then and there held in lawful custody * * *." Any reasonable construction would require the conclusion that the custody was the product of the prior conviction for violation of 18 U.S.C. § 1708. An indictment need not be perfect. It is constitutionally sufficient if it states the charge against the appellant with sufficient clarity to apprise him of its nature, to enable him intelligently to defend against it, and to plead it as a bar to future prosecutions for the same offense. Long v. United States, 296 F. 2d 148, 150–151 (8th Cir. 1961).

■■ Secondly, appellant argues that the trial court committed plain error in admitting into evidence five exhibits lacking a proper authentication.[1] At trial the appellant did not object to the introduction of these documents on the basis of lack of authentication. Assuming *arguendo* that the evidence was improperly admitted, we have been cited to no authority for the proposition that the introduction of such evidence constitutes "plain error." The plain error rule is to be invoked only in exceptional circumstances to avoid a miscarriage of justice. Eaton v. United States, 398 F.2d 485, 486 (5th Cir.), cert. denied, 393 U.S. 937, 89 S.Ct. 299, 21 L.Ed.2d 273 (1968). No such exceptional circumstances are present here. *See* Chandler v. United States, 378 F.2d 906, 909 (9th Cir. 1967) (dictum). Appellant does not aver that the documents were in fact erroneous or misleading. Under these circumstances, we find that the "plain error" rule should not be invoked.

■ Finally, appellant contends that he was not in "custody" at the time he escaped from the Treatment Center. Since, as he argues, he was not in custody, he could not have been convicted of escaping from federal custody in violation of 18 U.S.C. § 751(a). Although it is true that the appellant was permitted a degree of freedom at the Treatment Center, we find that he was still in "custody" during his term there. A person may still be in custody, even though not under constant supervision of guards, so long as there is some restraint upon his complete freedom. Read v. United States, 361 F.2d 830 (10th Cir. 1966). Here it is apparent that the Treatment Center's restrictions deprived appellant of his freedom of movement and association. He was therefore in custody with-

---

1. The five documents were: a judgment commitment indicating the court's sentence for possession of stolen mail; an order transferring appellant from Atlanta to Sandstone, Minnesota; an order transferring appellant from Sandstone to the Treatment Center in Detroit; the Treatment Center's Sign-Out sheet; and a copy of the Treatment Center's rules and regulations.

in the purview of 18 U.S.C. § 751. *See* McCullough v. United States, 369 F.2d 548 (8th Cir. 1966); *cf.* United States v. Hollen, 393 F.2d 479 (4th Cir. 1968).

Affirmed.