**UNITED STATES of America, Plaintiff-Appellee,**

v.

**James R. TOLER, Defendant-Appellant.**

**No. 30264.**

United States Court of Appeals, Fifth Circuit.

March 26, 1971.

Rehearing Denied April 22, 1971.

408(c) by filing a false medical report in connection with a claim for Social Security benefits. Following a jury trial in the District Court he was convicted and sentenced to imprisonment for one year.

In reviewing the facts linking the defendant with the report the prosecutor in closing rebuttal argument said—without objection of any kind—that "at no time has he denied filing it." Toler now urges for the first time that this remark constitutes prejudicial error since the jury could have construed it as a comment on the failure of the defendant to testify in his own behalf. We disagree with this contention and affirm.

The uncontradicted testimony of the investigator who questioned Toler before the trial—under circumstances to which no criticism has been urged—was categorical that he admitted having sent the spurious document to both the regional office and the hearing examiner who reviewed his claim. Rather than denying at that time the submission of the medical report proved independently to have been false, he admitted it. Under such circumstances the government was justified in refuting the defense contention that there was nothing to connect the defendant with the report by commenting, not on defendant's failure to testify, but rather on the uncontradicted state of the evidence. United States v. Cerullo, 5 Cir., 1970, 435 F.2d 142; Samuels v. United States, 5 Cir., 1968, 398 F.2d 964, cert. denied, 1969, 393 U.S. 1021, 89 S.Ct. 630, 21 L.Ed.2d 566; Davis v. United States, 5 Cir., 1966, 357 F.2d 438, cert. denied, 1966, 385 U.S. 927, 87 S.Ct. 284, 17 L.Ed. 2d 210 and cases cited therein.

Moreover, if—and the if is a very big one—this was such a comment, his failure to object to the remark at the trial when the Judge could have taken effective corrective action leaves him in the predicament of demonstrating it was so palpably flagrant as to affect his substantial rights and constitute plain error under F.R.Crim.P. 52(b). We cannot

---

John R. Parkhill, Tampa, Fla., for defendant-appellant.

John L. Briggs, U. S. Atty., William M. James, Jr., Asst. U. S. Atty., Tampa, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and PHILLIPS * and INGRAHAM, Circuit Judges.

PER CURIAM:

James R. Toler was charged in an information with violating 42 U.S.C.A. §

---

* Of the Tenth Circuit, sitting by designation.

characterize it as such, particularly in light of the trial court's unequivocal positive instruction to the jury that they could in no way take into account the failure of the defendant to testify.

Affirmed.