**UNITED STATES of America,**
**Plaintiff-Appellee,**
v.
**Marie FLANAGAN and Jack Wesley**
**Flanagan, Defendants-Appellants.**

**No. 29624**
**Summary Calendar.**[*]

United States Court of Appeals,
Fifth Circuit.

June 23, 1971.

Rehearing and Rehearing En Banc
Denied Sept. 16, 1971.

---

* [1] Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of

New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Phil Burleson, James A. Mills, Jr., Dallas, Tex., for Marie Wells Flanagan.

Rod Surratt, Dallas, Tex., (court-appointed), for Jack W. Flanagan.

Eldon B. Mahon, U. S. Atty., B. H. Timmins, Jr., Charles D. Cabaniss, Asst. U. S. Attys., Dallas, Tex., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

PER CURIAM:

On September 22, 1969, the Bank of Dallas in Dallas, Texas was robbed by an armed male who was driven from the scene of the crime by a female companion. Subsequently, Jack Wesley Flanagan and his wife, Marie Wells Flanagan, appellants, were arrested, indicted, and tried for violating 18 U.S.C. §§ 2113(a) and (d), and 18 U.S.C. § 2. Jack Flanagan was found guilty as charged. Marie Flanagan was found not guilty as charged in the indictment, but was convicted of the lesser-included offense of robbery unaccompanied by an assault. In this appeal, appellants contend that the trial court erred in failing to order the production of the grand jury testimony; that the evidence is insufficient to support the convictions; that the court erred in admitting into evidence certain in-court identification testimony; and that the court incorrectly included a lesser-included offense instruction in its charge to the jury. We affirm.

Prior to the trial appellants filed a joint motion for production and inspection of the grand jury testimony. Upon being informed by the Attorney for the United States that no transcript of the grand jury proceedings could be produced because no shorthand notes or any other records had been taken of the testimony, the district judge dismissed

appellants' motion. Appellants now assign the failure to supply the non-existent grand jury transcript as error. The same argument was presented to and rejected by this Court in United States v. Harper, 5th Cir. 1970, 432 F.2d 100. In that matter we stated:

> The decisional law of this Circuit is plainly in harmony with the proposition that a written transcript of grand jury proceedings is not required. It has been specifically held by this court that:
>
> > There is no constitutional requirement that grand jury proceedings be transcribed. The failure to transcribe does not warrant the dismissal of the indictment. Dennis v. United States does not change this rule. (Citations omitted)
>
> Since there is no constitutional requirement that a transcript of a grand jury proceeding be made, obviously the failure to produce such non-required records when they do not exist cannot be error. * * * 432 F.2d at 102.

Secondly, appellants argue that there is insufficient evidence to support their convictions. It is, of course, a well settled rule that a conviction must be sustained if, taking the view most favorable to the government, there is substantial evidence to support it. Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942). After reviewing the record in light of this standard, we have concluded that appellants' argument is without merit.

Appellants also assert that the trial court erroneously admitted into evidence certain in-court identification testimony and incorrectly included a lesser-included offense instruction in its charge to the jury. Since appellants failed to object to this action of the trial court and raise the questions for the first time on appeal, they find themselves in the predicament of demonstrating that the action was so palpably flagrant as to affect their substantial rights and constitute plain error under Fed.R.Crim.P. 52(b). United States v. Toler, 5th Cir. 1971, 440 F.2d 1242. The plain error rule is invoked only in exceptional circumstances to avoid a clear miscarriage of justice. Eaton v. United States, 5th Cir. 1968, 398 F.2d 485, 486, cert. denied, 393 U.S. 937, 89 S.Ct. 299, 21 L.Ed.2d 273 (1968); Mims v. United States, 5th Cir. 1967, 375 F.2d 135, 147, or where the fairness or integrity of the judicial proceedings is seriously affected, United States v. Atkinson, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555 (1936). United States v. Nolte, 5th Cir. 1971, 440 F.2d 1124. We are not persuaded, after a careful analysis of the record, that the action here challenged constitutes plain error.

For the above reasons the judgment of the district court is affirmed.

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing filed on behalf of Marie W. Flanagan is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.