**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Harvey Allen WARD, Defendant-Appellant.**

**No. 72–3040.**

United States Court of Appeals, Fifth Circuit.

July 3, 1973.

Rehearing Denied July 24, 1973.

3. Paragraph X, Complaint.

John McGuigan, Atlanta, Ga. (Court-Appointed) for defendant-appellant.

John W. Stokes, U. S. Atty., E. Ray Taylor, Jr., Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before AINSWORTH, DYER and INGRAHAM, Circuit Judges.

DYER, Circuit Judge:

Ward appeals from a judgment of conviction of interstate transportation of forged traveler's checks in violation of 18 U.S.C.A. § 2314. He argues that he was denied an opportunity to impeach two key Government witnesses, and that the United States Attorney's final argument to the jury improperly commented on Ward's failure to take the stand. We affirm.

■ We can quickly dispose of Ward's first point. He argues that he was not allowed to question two key witnesses about whether they had recently been convicted of armed robbery. His position is that, even though the "convictions" had not yet been through the appellate process, our recent decision in United States v. Franicevich, 5 Cir. 1973, 471 F.2d 427, permits such convictions to be used for impeachment purposes. A reading of the record, however, discloses no convictions that fall within the *Franicevich* rule.

Six months before Ward's trial, the two witnesses involved had pleaded nolo contendere to armed robbery charges in North Carolina. The North Carolina court accepted their plea, but, at the time of Ward's trial, had not imposed sentence. On this record, the district court quite properly refused to allow impeachment. First, the Supreme Court has stated that, at least for certain purposes, it is the judgment of conviction and sentence, and not the tender and acceptance of the nolo contendere plea, that constitutes the "determination of guilt." Lott v. United States, 1961, 367 U.S. 421, 81 S.Ct. 1563, 6 L.Ed.2d 940. Secondly, even if we were to conclude that the mere acceptance of the plea was a sufficiently final conviction for impeachment purposes, Ward's argument would still founder on this Circuit's rule that a conviction based on a nolo contendere plea cannot be used for impeachment in a different proceeding. Piassick v. United States, 5 Cir. 1958, 253 F.2d 658; Mickler v. Fahs, 5 Cir. 1957, 243 F.2d 515; see Kilgore v. United States, 5 Cir. 1972, 467 F.2d 22; United States v. Driscoll, 5 Cir. 1972, 454 F.2d 792.

■ Ward's argument concerning the United States Attorney's comments in his closing remarks also leaves us unconvinced that reversible error occurred.

This conclusion should not be taken as even tacit approval of the tactics of the United States Attorney. Instead our conclusion is reached by considering the combined effect of the inaction by defense counsel and the prompt action by the district court.

During the Government's summation Ward's counsel made only two objections. Each of these was directed not at an improper comment on Ward's failure to take the stand, but was an attempt to show that there was no testimony or reasonable inferences therefrom which would support that portion of the Government's argument immediately preceding the objection. Additionally, because none of the questioned comments by the United States Attorney were made until after these two objections, it cannot be said that Ward's counsel made an immediate objection to the comments. The first mention of this issue came after the conclusion of the summation and was in the form of a motion for a mistrial. This was too late.

This Court has considered this precise problem before and has concluded that,

> [i]t is not sufficient to move for a mistrial after all the arguments are in. The purpose of requiring objections to be made while the argument is in progress is to give counsel making the argument a chance to withdraw or explain it and the court a chance to exclude it from the jury's consideration.

Fogarty v. United States, 5 Cir. 1959, 263 F.2d 201, 204, cert. denied, 360 U.S. 919, 79 S.Ct. 1437, 3 L.Ed.2d 1534. We cautioned in Samuels v. United States, 5 Cir. 1968, 398 F.2d 964, 967, cert. denied, 1969, 393 U.S. 1021, 89 S.Ct. 630, 21 L.Ed.2d 566, that the rule requiring a timely objection does not necessarily require an objection "to a comment upon the refusal of a defendant to testify at the precise moment such comment is made." Nevertheless, under the circumstances in our case we conclude, as we did in *Samuels*, that the defense counsel had ample opportunity to object to the questioned comments when made and that no viable excuse has been advanced for not doing so. As a result, Ward is entitled to relief only if he can show that the remarks, in the context of the trial, amounted to plain error under Rule 52(b), Fed.R.Crim.P. *Samuels, supra.*

That the trial was not infected with plain error is made clear by examining the precautionary and curative instructions given by the trial judge. As would be expected, in the district court's opening remarks to the jury he told them that arguments of and questions by counsel are not evidence, and that the defendant need not present any evidence but may rest on the presumption of innocence. Furthermore, after the closing arguments, the court in its charge to the jury stressed: (1) that the defendant had no duty to call witnesses or present evidence; (2) that the defendant need not take the stand and that the failure to do so does not raise any presumption; (3) that the statements and arguments of counsel are not evidence; and (4) that the presumption of innocence remains with the defendant throughout the trial.

We need not decide whether these general instructions alone would be sufficient to protect Ward's right to a fair trial because the district court, without a prior objection by Ward's counsel, gave an additional curative instruction in the middle of the United States Attorney's remarks. This is particularly significant because it came immediately after one of the comments now questioned by Ward; in fact the instruction came directly after the only comment [1]

---

1. MR. TAYLOR [United States Attorney]: . . . . There is no way we can pin anything on [Mr. Rosebury] unless Mr. Ward wants to get up and tell the whole story himself.

THE COURT: Mr. Taylor, I think you are going far beyond inferences and deductions that the jury can draw. Now, I allowed you to do it the first time but I think you are arguing matters that are too conjectural and I will instruct you, ladies and gentlemen, that you will disregard those comments of counsel and argument and remember that only you are

which was referred to by Ward's counsel in his subsequent motion for a mistrial.

We are aware that in certain circumstances no amount of carefully drawn curative instructions can correct the damage done by extensive and repetitious comments on a defendant's failure to take the stand. *See e. g.*, DeLuna v. United States, 5 Cir. 1962, 308 F.2d 140. No circumstances similar to those found in *DeLuna* are present in this case, however.

We therefore conclude that the district court acted correctly, and that it amply insulated from jury consideration Ward's failure to take the stand and the United States Attorney's comments thereon.

Affirmed.

the ones who will determine the facts as you find them to be and it is up to you to determine whether or not you believe or disbelieve the witness. You are the sole judges of the credibility of every witness who has testified in this case.