**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank BATES, Jr., Defendant-Appellant.**

**No. 74–3164.**

United States Court of Appeals, Fifth Circuit.

April 24, 1975.

Floyd W. Freed, III, Richard A. Mayhan, Houston, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before GOLDBERG and RONEY, Circuit Judges, and GROOMS, District Judge.

GROOMS, District Judge:

Appellant, Frank Bates, Jr., was charged with four co-defendants in a four count indictment with conspiracy to import, importation, possession with intent to distribute 29,010 Methaqualone tablets in violation of the Controlled Substances Act of 1970, Title 21 U.S.C. §§ 963, 952(a), and 841(a)(1), and with smuggling into the United States 18 bottles of Robitussin A–C, cough syrup (containing codeine) in violation of Title 18 U.S.C. § 545. After his co-defendants, other than the Mexican citizen Onesimo Esquivel-Loredo, had pleaded guilty to misdemeanors, and the indictment dismissed as to the co-defendants, appellant was tried and convicted on all four counts. He appeals charging error in four particulars.

Appellant's first asserted error is that the Government failed to establish a proper and complete chain of custody regarding the transmission of the drugs to the point in Dallas, Texas, where their chemical analysis was made.

Other claimed errors were: The action of the trial court in failing to grant his motion for a mistrial (1) relating to the testimony of the chemist that he found a small quantity of marijuana, as to which no offense was charged, in one of the package exhibits, and (2) as to hearsay testimony of Special Agent D'Antuono that Onesimo Esquivel told him that he sold the drugs to appellant.

Finally appellant claims that in its closing argument the prosecution violated his Fifth Amendment right against self-incrimination by commenting upon his failure to testify. Appellant did not take the stand or offer any evidence.

Co-defendants Harrell D. Wilson and Frankie Foster testified for the prosecution. Their testimony, briefly summarized, was that appellant picked them up in a Lincoln in Houston, Texas, about noon and drove them, along with Becky Bates, another co-defendant, to Matamoros, Mexico, where they arrived very early in the morning of January 11, 1974; that in Matamoros they went to the home of "Joe," later identified as Jose Onesimo Esquivel-Loredo, a pharmacist, where Wilson and Joe removed the back seat of the car, stuffed it with the contraband, replaced it, then drove near the

entrance of the B & M Bridge across the Rio Grande, when appellant turned the car over to Wilson, with instructions to pick him up after he had cleared the check point. Appellant proceeded across the B & M Bridge afoot. Wilson with Becky Bates and Foster then drove to and crossed the Gateway Bridge. When the car was searched at the Brownsville check point the contraband was found. Appellant was later arrested and charged in Counts 2, 3 and 4 as a principal under Section 2 of Title 18 U.S.C.

A serious question is presented as to whether the prosecution's rebuttal argument, including the statement "You didn't hear from the culprit," constituted an impermissible comment on appellant's exercise of his right to refrain from testifying.[1]

The remark was couched in language so explicit that it could hardly escape the test as one "of such a character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." Samuels v. United States, 5 Cir., 398 F.2d 964, cert. den. 393 U.S. 1021, 89 S.Ct. 630, 21 L.Ed.2d 566; United States v. White, 5 Cir., 444 F.2d 1274, 1278, and was impermissible and constituted error to reverse, Carlin v. United States, 5 Cir., 351 F.2d 618, unless it falls within the harmless error rule. F.R.Crim.P. 52(a).

■ The remarks went unchallenged by objection or otherwise. When such is the case, the appellant "is entitled to relief only if he can show that the remarks, in the context of the trial, amounted to plain error under Rule 52(b), Fed.R.Crim.P." United States v. Ward, 5 Cir., 481 F.2d 185, and affected his substantial rights, United States v. Toler, 5 Cir., 440 F.2d 1242.

■ Before a constitutional error can be held to be harmless "the court must be able to declare a belief that it was harmless beyond a reasonable doubt." Chapman v. California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.

■ The court gave the usual charge as to appellant's constitutional right not to testify.[2] This, however, was not addressed directly to the offending comment.

The provocation of the comment of appellant's counsel set out in footnote 1 did not justify in response the specific gratuitous impermissible comment—"You didn't hear from the culprit."

We conclude that in the context of this record and the applicable decisions the comment constituted plain error.

■■ In view of a possible reoccurrence of the issue on a retrial, we deem it proper to rule that we do not find error as to the alleged failure of the Government to show a proper and complete chain of custody regarding the transmission of the drugs to Dallas for chemical analysis. It was within the trial court's sound discretion to determine whether a proper chain of custody had been established by the prosecution. Gallego v. United States, 5 Cir., 276 F.2d 914, 917. The question here went to the weight rather than to admissibility of

---

1. Appellant's counsel in referring to Wilson and Foster, stated:

> ". . . we do not have to pick the culprit out of the gallery . . . I believe you have already seen the culprits and they sat on that witness stand . . . These are the true culprits."

In rebuttal counsel for the prosecution stated:

> "Now counsel for the defense would have you believe that you heard the culprits and that they are the real culprits. They are the pawns in this culprit's hand . . . But there sits the culprit there. *You didn't hear from the culprit.*" [Emphasis supplied]

2. "A defendant in a criminal case has no obligation or duty whatsoever to bring before you any evidence. The Constitution of the United States even guarantees that a defendant does not have to testify in a case.

> "Now, the defendant in this case, Frank Bates, Jr., has chosen to use his constitutional right not to testify, and the failure of this defendant to testify is not to be used in any way by you in deciding this case. No presumption of guilt may be raised and no inference of any kind may be drawn from the failure of a defendant to testify in a criminal case."

the evidence and was therefore a matter for the jury. United States v. Wilson, 5 Cir., 451 F.2d 209.

We pretermit a ruling on the other alleged errors since they need not reoccur upon retrial.

The case is reversed for a new trial. Reversed.

RONEY, Circuit Judge (dissenting):

I respectfully dissent from the majority's reversal of this case based upon a brief remark made in the prosecutor's closing argument to the jury. The comment was not challenged by defense counsel until after the trial. Concededly to merit relief any error must meet the test of "plain error." F.R.Crim.P. 52(b).

The cases have consistently held that the impropriety of prosecutorial comment on a defendant's failure to testify generally may be rendered harmless by a curative instruction to the jury. See, e. g., United States v. White, 444 F.2d 1274 (5th Cir.), cert. denied, 404 U.S. 949, 92 S.Ct. 300, 30 L.Ed.2d 266 (1971); United States v. Toler, 440 F.2d 1242 (5th Cir. 1971); United States v. Cerullo, 435 F.2d 142 (5th Cir. 1970); Habertstroh v. Montanye, 493 F.2d 483 (2nd Cir. 1974); Holden v. United States, 388 F.2d 240 (1st Cir.), cert. denied, 393 U.S. 864, 89 S.Ct. 146, 21 L.Ed.2d 132 (1968).

In the exceptional case of contention that such comment cannot be cured by trial court instructions, the determination turns on whether the comment was extensive and stressed to the jury, and whether the evidence of guilt was great. Samuels v. United States, 398 F.2d 964, 969 n.5 (5th Cir. 1968), cert. denied, 393 U.S. 1021, 89 S.Ct. 630, 21 L.Ed.2d 566 (1969). In this case, the comment was brief to the point of apparently going unnoticed by defense counsel or the court, was not stressed to the jury, and there is ample evidence of guilt.

The question then is not whether the prosecutor's comment was wrong. It was. The issue is whether the court's curative instructions were inadequate to the extent of plain error. Early in its general charge, but within a few minutes after the comment made near the close of the prosecutor's argument, the court charged that the failure of the defendant to testify could not be used in any way in deciding the case. The court likewise gave the usual charge that comments of counsel were not evidence, and that the jury must follow the law as instructed by the court. The fact that these instructions were not given immediately after the prosecutor's comment, or in such a way as to recall the remark specifically to the jury's mind, would not seem to meet our usual requirements of plain error.

The decision today is at variance with the stress we have previously placed on the need for timely objection. See United States v. Ward, 481 F.2d 185 (5th Cir. 1973) and Samuels v. United States, supra. If the record in this case reveals plain error, it is hard to envisage any case where timely objection would have significance. This decision places the entire burden on the trial court, whether or not it notices the comment and regardless of the courtroom effect of the improper comment.

As a further observation, there is doubt that the kind of charge necessarily demanded by this decision would better correct the effect of the impropriety than a clear, emphatic instruction, undiluted by the suggestion that the prosecutor thought the defendant's failure to testify had significance. A review of this record reveals nothing to indicate the jury's decision was affected either by the comment or the failure of the court to address it directly.

The other points on appeal being without merit, I would affirm.