UNITED STATES of America, Plaintiff-Appellee,

v.

Sidney Ray WILKERSON, Defendant-Appellant.

No. 76–1036

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 23, 1976.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**44**

Steven G. Condos, Dallas, Tex. (Court appointed), for defendant-appellant.

Frank D. McCown, U. S. Atty., Fort Worth, Tex., Judith A. Shepherd, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before COLEMAN, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

The appellant, represented by court-appointed counsel, was convicted on trial by a jury of delivering $13,140 in counterfeit bills and of conspiracy, in violation of 18 U.S.C., § 473 and § 371. He was sentenced on December 18, 1975, to five years on the conspiracy count, to run consecutive to a sentence imposed in 1971, and to ten years on the substantive count, to run consecutive both to the conspiracy sentence and his 1971 sentence.

The evidence against the appellant, accepted by the jury, emanating from eyewitnesses—co-conspirators and government agents—thoroughly demonstrated guilt. A verdict of not guilty would have been a stunning surprise.

The complaint about the validity of the search of a car belonging to another is frivolous.

The contentions concerning closing argument of government counsel, however, cannot be thus characterized.

In his closing argument counsel for the government made the following remarks.

"Mr. Harris showed you and told you what happened from the outset.

"Only he and this defendant were present at those initial meetings.

"Only he and this defendant were present at Mister Hamburger's on—I believe it was September 22nd, when he received a quantity of $1200 in counterfeit $20.00 Federal Reserve Notes.

"The only two people that can bring out that testimony are the people that were there, and we have brought you the testimony of Mr. Harris."

No objection was made, but this was a comment on the failure of the defendant to take the witness stand and it was plain error, *United States v. Bates,* 5 Cir., 1975, 512 F.2d 56. Such an error, however, can be harmless, *United States v. Bates, supra.*

Within the four corners of this case we appraise the comment to have been harmless beyond a reasonable doubt.

AFFIRMED.