Sidney Ray WILKERSON,
Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 78–2862
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 21, 1979.

Rehearing and Rehearing En Banc
Denied May 8, 1979.

Sidney Ray Wilkerson, pro se.

Kenneth J. Mighell, U. S. Atty., Fort Worth, Tex., Arnaldo N. Cavazos, Jr., Asst. U. S. Atty., Dallas, Tex., for respondent-appellee.

Before COLEMAN, FAY and RUBIN, Circuit Judges.

PER CURIAM:

Appellant Wilkerson was convicted after a jury trial of delivering $13,140 in counter-

* Rule 18, 5 Cir.;  see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

feit bills and of conspiracy, in violation of 18 U.S.C. §§ 473 and 371. He was sentenced to consecutive sentences of five years for conspiracy and ten years on the substantive count, to run consecutive to another sentence imposed in 1971. His conviction was affirmed on direct appeal. *United States v. Wilkerson,* 5 Cir. 1976, 534 F.2d 43.

Wilkerson now seeks relief under 28 U.S.C. § 2255 on the grounds of ineffectiveness of his court-appointed counsel; the failure of the trial judge to recuse himself for bias; improper jury instructions and double jeopardy; and disparity of sentencing between Wilkerson and his co-conspirators who pleaded guilty. The district court denied § 2255 relief. We affirm.

A. Ineffectiveness of Counsel

■ An examination of the record discloses that appellant's court-appointed counsel rendered reasonably effective assistance within the standards of *MacKenna v. Ellis,* 5 Cir. 1960, 280 F.2d 592, 599, *modified on other grounds,* 5 Cir., en banc 1961, 289 F.2d 928, *cert. denied,* 1961, 368 U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78, and *Herring v. Estelle,* 5 Cir. 1974, 491 F.2d 125, 127. Counsel filed appropriate pretrial motions and conducted a vigorous defense.

Appellant complains that his counsel failed to investigate the background of a key prosecution witness and his role in the conspiracy and was therefore unable to impeach his damaging testimony effectively. But a defendant is not entitled to errorless counsel, nor counsel ineffective only in hindsight. Moreover, the evidence of guilt against appellant was overwhelming. As this court noted on direct appeal:

> The evidence against the appellant, accepted by the jury, emanating from eyewitnesses—co-conspirators and government agents—thoroughly demonstrated guilt. A verdict of not guilty would have been a stunning surprise. [534 F.2d at 44.]

Effective counsel need only have "an opportunity to investigate [the charges against the defendant] *if necessary* . . ." (emphasis added). *Windom v. Cook,* 5 Cir.

1970, 423 F.2d 721, 721, *quoting from Calloway v. Powell,* 5 Cir. 1968, 393 F.2d 886, 888. Under the circumstances, counsel may rightly have concluded that his time was better spent in legal research than in fruitless legwork. Appellant expressed his satisfaction with his court-appointed counsel in open court. The record shows no basis for finding that satisfaction misplaced.

B. Bias of the Judge

■ Appellant contends that Judge Hill should have recused himself because he had presided over another trial in which appellant was convicted of a felony. However, "the judicial system could not function if judges could deal but once in their lifetime with a given defendant . . .". *United States v. Cowden,* 5 Cir. 1976, 545 F.2d 257, 266, *cert. denied,* 1977, 430 U.S. 909, 97 S.Ct. 1181, 51 L.Ed.2d 585. *See also United States v. Hernandez-Vela,* 5 Cir. 1976, 533 F.2d 211, 213. Appellant's counsel thanked Judge Hill during closing argument "for conducting a very fair and impartial trial." We find no reason to differ with counsel's assessment.

C. Improper Jury Instructions and Double Jeopardy

■ The court gave accurate and comprehensive instructions on conspiracy. The judge also instructed the jury that the testimony of a co-conspirator had to be received with caution and weighed with great care, and that they should never convict a defendant upon the unsupported testimony of an alleged accomplice unless they believed that unsupported testimony beyond a reasonable doubt. This charge was in no way improper.

■ Nor was appellant subjected to double jeopardy in being sentenced both for conspiracy and for the substantive offense he committed. These charges involve separate activities for which a defendant may constitutionally be punished twice. *See, e. g., Jeffers v. United States,* 1977, 432 U.S. 137, 154–55, 97 S.Ct. 2207, 2219, 53 L.Ed.2d 168, 182–83; *Iannelli v. United States,* 1975, 420 U.S. 770, 777–78, 95 S.Ct. 1284, 1289–90, 43 L.Ed.2d 616, 622–23.

**D. Sentence Disparity**

The mere fact that appellant received a five year term on the first count after trial, while his co-conspirator received only four years after pleading guilty does not establish any impropriety. "A sentencing court exercises broad discretion which is not subject to appellate review 'except when arbitrary or capricious action amounting to a gross abuse of discretion is involved.'" *United States v. Gamboa,* 5 Cir. 1977, 543 F.2d 545, 546, *quoting United States v. Weiner,* 5 Cir. 1969, 418 F.2d 849, 851. The testimony indicated that appellant was the originator of the counterfeiting scheme; he was, therefore, fairly penalized more seriously than his confederate. Varying degrees of culpability provide a proper basis for differing sentences.

The assignments of error being meritless, the district court's denial of habeas relief is AFFIRMED.