[Cite as *State v. Starner*, 2019-Ohio-2364.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | | JUDGES: |
| | : | | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | | Hon. John W. Wise, J. |
| | : | | Hon. Craig R. Baldwin, J. |
| -vs- | : | | |
| | : | | |
| BRYAN K. STARNER, | : | | Case No. 18-CA-36 |
| | : | | |
| Defendant - Appellant | : | | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Fairfield County
                                  Muncipal Court, Case No. TRC 17
                                  02672

JUDGMENT:                         Affirmed

DATE OF JUDGMENT:                 June 13, 2019

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DANIEL E. COGLEY                          SCOTT P. WOOD
Lancaster City Prosecutor's Office        Conrad/Wood
P.O. Box 1008                             120 East Main Street, Suite
Lancaster, Ohio 43130                     Lancaster, Ohio 43130

*Baldwin, J.*

{¶1} Bryan K. Starner appeals the decision of the Fairfield County Municipal Court finding him guilty of operating a motor vehicle while impaired by alcohol or a drug of abuse, a violation of R.C. 4511.19(A)(1)(a), a first degree misdemeanor. Appellant is the State of Ohio.

### STATEMENT OF FACTS AND THE CASE

{¶2} The Ohio State Highway Patrol stopped appellant for exceeding the speed limit and, after noting what he perceived to be indicia of intoxication, the Trooper performed field sobriety tests and arrested appellant. Appellant was charged with a violation of R.C. 4511.19(A)(1)(a), operating a vehicle under the influence of alcohol and/or a drug of abuse, two minor misdemeanor offenses, speeding, in violation of R.C. 4511.21(C) and driving outside of marked lanes, in violation of R.C. 4511.33. He was convicted of all counts and now appeals only the jury's finding that he was guilty of a violation of R.C. 4511.19(A)(1)(a).

{¶3} Trooper John Moore of the Ohio State Highway Patrol stopped appellant at 12:50 AM after observing him travel seventy-five miles per hour in a forty mile per hour zone. Appellant stopped, but then began driving again, weaving within the lane and crossing the center line and outside line before stopping approximately one mile later. Appellant claimed that he did not see or hear the Trooper when he first attempted to stop appellant.

{¶4} Appellant claimed he was heading toward Logan, Ohio, but he was traveling in the wrong direction and was mistaken as to the road he was traveling. The Trooper noted that appellant's eyes were bloodshot and glassy and that he was lethargic. He

asked appellant to exit the vehicle to perform field sobriety tests. Appellant exhibited six of six clues of inebriation on the Horizontal Gaze Nystagmus Test, five of eight clues on the Walk-and-Turn Test, and four of four clues on the one-legged stand test. He was unable to complete the ABC test.   Appellant was unable to maintain his balance, could not follow simple instructions and had an odor of alcohol about his person.

{¶5}    Appellant initially denied drinking any alcohol, then, after he was arrested, he admitted to having "one or two beers."

{¶6}    Appellant requested that the OMVI charge be presented  to a jury and, in his defense, he presented the testimony of Dr. David Cummin who testified that  some of appellant's behaviors during the field sobriety test were consistent with a stroke the appellant suffered years ago.  Dr. Cummin stated that the stroke may have affected appellant's coordination, balance and might cause nystagmus, but he admitted that he did not examine the appellant. Appellant offered this testimony without objection from appellee and did not request a jury instruction regarding expert testimony.

{¶7}    The jury found the appellant guilty and appellant filed a timely notice of appeal and submits two assignments error:

{¶8}    "I. THE GUILTY VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶9}    "II. THE TRIAL COURT COMMITTED PLAIN ERROR BY NOT INSTRUCTING THE JURY ON CONSIDERATION OF EXPERT WITNESS TESTIMONY."

**STANDARD OF REVIEW**

{¶10}  On review for sufficiency, the reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 (1991). "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *Jenks* at paragraph two of the syllabus, following *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L.Ed.2d 560 (1979). On review for manifest weight, the reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983); see also *State v. Thompkins*, 78 Ohio St.3d 380, 678 N.E.2d 541 (1997).  The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." *Martin, supra* at 175.

{¶11}  We note the weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. *State v. Deas*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger*, 77 Ohio St.3d 415, 418, 1997-Ohio-260, 674 N.E.2d 1159.

{¶12}  Appellant also asserts error regarding the failure to give an instruction regarding expert testimony, an instruction appellant admits was not submitted by any

party. "On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury." Ohio Crim. R. 30. Appellant acknowledges that he must demonstrate the trial court committed plain error by not including an instruction regarding expert testimony as a result of his failure to object to its omission. Criminal Rule 52(B) provides: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." "The power afforded to notice plain error, whether on a court's own motion or at the request of counsel, is one which courts exercise only in exceptional **807 circumstances, and exercise cautiously even then." *95 3 Wright, Federal Practice & Procedure, 373, Section 856 (1969). As the United States Court of Appeals for the Sixth Circuit has noted, "The plain error rule is to be invoked only in exceptional circumstances to avoid a miscarriage of justice." *United States v. Rudinsky* (C.A.6, 1971), 439 F.2d 1074, 1076, citing *Eaton v. United States* (C.A.5, 1968), 398 F.2d 485, 486, certiorari denied, 393 U.S. 937, 89 S.Ct. 299, 21 L.Ed.2d 273.

{¶13} In *State v. Cooperrider*, 4 Ohio St.3d 226, 227, 448 N.E.2d 452 (1983) the Supreme Court of Ohio discussed the application of the plain error doctrine in the context of an allegedly erroneous jury instruction. The Supreme Court stated "an erroneous jury instruction "does not constitute a plain error or defect under Crim.R. 52(B) unless, but for the error, the outcome of the trial clearly would have been otherwise." Additionally, the plain error rule is to be applied with utmost caution and invoked only under exceptional

circumstances, in order to prevent a manifest miscarriage of justice." *Id.* (Citations omitted).

## ANALYSIS

{¶14} Appellant was convicted of a violation of R.C. 4511.19(A)(1)(a) which states: [n]o person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, *** [t]he person is under the influence of alcohol, a drug of abuse, or a combination of them." The conviction was not based upon a test of appellant's blood, breath or urine, but upon his behavior while driving and after he was stopped. Trooper Moore measured appellant's speed at seventy-five miles per hour in a forty mile per hour zone, triggered his lights and siren and pulled up behind appellant while he was stopped at a traffic light. The dash-cam video shows the Troopers lights reflecting from the back of the appellant's vehicle and the Trooper makes a brief appearance in the video. Then the traffic light changes, appellant proceeds through the light and the Trooper returns to his vehicle to follow with his lights still visibly reflecting from the appellant's vehicle. The Trooper chased the appellant for approximately one mile, as appellant crossed over the center line and the fog line and finally stopped in a parking lot. After the stop, the Trooper discovered that appellant smelled of alcohol, had glassy eyes, and moved very slowly and slightly unsteadily. Trooper Moore administered a battery of field sobriety tests, and appellant not only performed poorly on the field sobriety tests, he had difficulty comprehending the Trooper's instructions. The testimony of the Trooper and the dash-cam video of the stop demonstrated that the instructions were clear and should have been understandable. Appellant was also seriously mistaken regarding the road he was traveling upon and was driving in a direction opposite of his

destination. Even after being placed under arrest, he made comments regarding his location revealing his continued confusion.

**{¶15}** When appellant was first questioned about drinking, he denied having any alcohol. When he was placed under arrest, he decided to be "honest" and admitted to "one or two beers."

**{¶16}** In his first assignment of error, appellant contends that the record contains insufficient evidence to support his conviction and that his conviction was against the manifest weight of the evidence. Appellant relies upon the testimony of Dr. David Cummin and asserts that the doctor's testimony established an alternative explanation of the appellant's performance on field sobriety tests and that his testimony was uncontradicted.

**{¶17}** David Cummin, M.D. is appellant's next door neighbor and the Hocking County Coroner. Appellant approached him one evening in his driveway and asked for his assistance, claiming that his behavior during the traffic stop may have been related to a medical issue. Dr. Cummin was skeptical, but agreed to review appellant's medical records.

**{¶18}** Dr. Cummin reviewed the records and concluded that appellant had suffered a left cerebellar stroke in 2016 and that the appellant's tendency to fall to the left during the field sobriety tests was consistent with the behavior of a person suffering effects of such a stroke. He also asserted that the failure of appellant to pass the horizontal gaze nystagmus test could be the result of the stroke. Dr. Cummin did admit that he did not examine appellant and that his "job is to tell you is that consistent with a left cerebellar infarct and my answer is yes." He also acknowledged, during cross examination, that the available medical records reflected that appellant's doctor had

checked his coordination and did not discover any problems.  Further, there was nothing in the record to establish that appellant suffered from chronic problems with balance or coordination.

{¶19} Dr. Cummin's testimony did not supply a direct connection between the stroke and appellant's performance on the field sobriety tests, but only offered a possible alternative explanation for some of the appellant's behaviors.  Dr. Cummin did not contend that the lingering effects of the stroke would cause appellant to exceed the speed limit or to fail to notice the Trooper's lights, sirens or spotlight shining directly in appellant's rear window and mirrors.  Dr. Cummin did not testify that the stroke caused any cognitive problems that would have confused appellant about his location or the correct route to his destination.  And Dr. Cummin did not supply any explanation for appellants struggle to comprehend the simple instructions that the Trooper repeated during the field sobriety tests.

{¶20}  After viewing  the evidence in a light most favorable to the prosecution, we hold that there was substantial credible evidence supporting the jury's verdict, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.  *State v. Nicely*, 39 Ohio St.3d 147, 156, 529 N.E.2d 1236, 1244 (1988).

{¶21} Dr. Cummin's testimony that appellant had suffered a stroke was uncontroverted, but that fact is of little consequence because the doctor does not offer an opinion that the appellant's behavior was directly caused by the stroke.  Instead, he opines that the behaviors are consistent with those he would expect in a person who had suffered a left cerebellar stroke, offering an alternative to the Trooper's contention that

the appellant was suffering from the influence of alcohol.  The jury was provided two competing theories to explain appellant's actions and the weight to be given to that evidence and the credibility of the witnesses are issues for the jury.

**{¶22}** We hold that the jury did not clearly lose its way and did not create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. Appellant's first assignment of error is denied.

**{¶23}** Appellant contends the trial court committed plain error by failing to instruct the jury regarding the consideration of expert testimony in his second assignment of error. Appellant did not submit such an instruction and did not object to the failure to include it, so his only avenue to relief is to demonstrate plain error on the part of the trial court for failure to include it.  Crim.R. 30 and 52.

**{¶24}** This Court has held that an error in offering or omitting a jury instruction will not comprise plain error unless, but for the error, the outcome of the trial clearly would have been otherwise. *State v. Nickol,* 5th Dist. Fairfield No. 98CA43, 1999 WL 253242, *4. Appellate courts have noted that strict compliance with Ohio Jury Instructions is not mandatory, instead the instructions are "recommended instructions" to assist judges in charging the jury and that deviation from the model instructions does not necessarily constitute error by the trial court. *State v. Miller*, 2nd Dist. No. 22433, 2009-Ohio-4607, citing  (1993), 90 Ohio App.3d 338, 343, 629 N.E.2d 462.

**{¶25}** Appellant's argument regarding this assignment of error consists primarily of conclusory statements that the failure to give the instruction was error, that the error was a plain, obvious and clear defect and affected the appellant's right to a fair trial.  He contends that had it been provided it would have affected the juror's perception of the

testimony, impacted the jury's deliberations and affected the trial's outcome. In support, appellant cites *Auer v. Plaith* (2014), 140 Ohio St. 3d 276 for the contention that "a trial court must give jury instructions that correctly and completely state the law." However, the next line in that opinion provides that "an inadequate jury instruction that misleads the jury constitutes reversible error." *Id* at ¶ 12. Appellant does not describe how the jury might have been misled or how the omitted jury instruction would have resulted in a different outcome at trial. Dr. Cummin was permitted to testify without interruption and he was able to communicate his position clearly. The requested jury instruction would not have added to the weight of his testimony, but would have only reminded the jury that it had the duty to decide what weight to give to Dr. Cummin's testimony.

{¶26} We find that the absence of the jury instruction requested by appellant did not result in a miscarriage of justice and is not therefor, plain error. Appellant's second assignment of error is denied.

{¶27} The decision of the Fairfield County Municipal Court is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, John, J. concur.