UNITED STATES, Appellee,

v.

Otis J. SHAMBERGER, Specialist Five, U. S. Army, Appellant.

No. 30,638.

U. S. Court of Military Appeals.

April 2, 1976.

378

*Captain John M. Nolan* argued the cause for Appellant, Accused. With him on the brief were *Colonel Alton H. Harvey* and *Captain Michael R. Caryl.*

*Captain Jonathan D. Glidden* argued the cause for Appellee, United States. With him on the brief were *Lieutenant Colonel Donald W. Hansen, Major John T. Sherwood, Jr., Major Steven M. Werner, Captain John R. Erck,* and *Captain Nancy M. Giorno.*

## OPINION OF THE COURT

FLETCHER, Chief Judge:

In a contested trial by general court-martial with members, the appellant was found guilty and sentenced to a dishonorable discharge, confinement at hard labor for 20 years, and accessory penalties for twice raping a woman whom Specialist Shamberger had pulled from an automobile parked on a secluded road at Fort Bragg, North Carolina. During the commission of the offenses, the victim testified that her husband, who had accompanied her, was restrained by two other men who subsequently raped her.

We granted the accused's petition to examine three issues, the first of which questions whether the trial judge was in

error in refusing to instruct the jury on its duty to determine the voluntariness of the accused's confession. As recently as *United States v. Graves,* 23 U.S.C.M.A. 434, 436, 50 C.M.R. 393, 395, 1 M.J. 50, 52 (1975) (footnote omitted), we commented on the trial judge's obligation in this respect:

In military practice, the trial judge must make an interlocutory ruling that a proffered confession is voluntary before admitting the statement into evidence. Additionally, if the matter is placed in issue before the jury, the Government must present evidence sufficient to establish, beyond a reasonable doubt, that the inculpatory statement was voluntary. Once the issue is raised, the military judge has a sua sponte duty to instruct the court members to reject the accused's confession in toto if they are not satisfied, beyond a reasonable doubt, of the voluntariness of the statement.

Of importance here is whether the issue was sufficiently raised by the evidence presented on the merits to require an instruction. Acknowledging that the accused did not testify on the voluntariness issue before the jury, the defense nevertheless contends that the cross-examination of the investigator who obtained the statement was sufficient to place the matter in issue. Aside from indicating that the first interrogation took place in the evening and the second the following morning after the accused had been confined overnight in the "D Cell," Agent Atkinson's testimony reflects that during the first interview Specialist Shamberger requested counsel. However, when told that he would then be released back to military police custody, the accused changed his mind according to the investigator and said, "I don't want a lawyer, and I want to talk to you; but I just can't get it together."

Putting aside the defense counsel's argument to the trial judge, which is not evidence, we find Agent Atkinson's testimony insufficient to place the voluntariness of the confession in issue for the jury. *See United States v. Attardi,* 20 U.S.C.M.A. 548, 43 C.M.R. 388 (1971); *United States v. Di-*

*cario,* 8 U.S.C.M.A. 353, 24 C.M.R. 163 (1957).

■ In his second assignment of error, the appellant takes exception to the trial counsel's presentencing argument in which he suggested that the court members place themselves in the position of the victim's husband in determining an appropriate sentence.

> Put yourself in the position that Shamberger says Sergeant Crawford was put, right here. Put yourself next to your car or a borrowed car at night; put yourself being forced down by one or two men, big men; picture being told to keep your head down but being able to glance out from the side; and picture your wife having her clothes ripped off her and then being raped, once, twice, three times, four times, five times. You picture that. That's not a bar down on Hay Street. . . . You think of Sergeant Crawford pinned to the ground and in no way able to do anything about three men taking turns.

Despite the defense counsel's objection to the argument and, in fact, his motion for a mistrial before the jury retired to deliberate, the trial judge ruled in a sidebar conference that the objection was not "timely made" after observing that the prosecutor's argument constituted "improper comment" which "[could] not be cured by an instruction."

We are in agreement with the trial judge's initial observation that the prosecutor's argument exceeded the bounds of propriety. To reiterate our holding in *United States v. Wood,* 18 U.S.C.M.A. 291, 296, 40 C.M.R. 3, 8 (1969):

> [T]o ask a court member to place himself in the position of a near relative wronged by the accused is to invite him to cast aside the objective impartiality demanded

of him as a court member and judge the issue from the perspective of personal interest.

In addition, the American Bar Association's Standards for Criminal Justice forbid the "use [of] arguments calculated to inflame the passions or prejudices of the jury" as well as "argument which would divert the jury from its duty to decide the case on the evidence." ABA Standards, The Prosecution Function §§ 5.8(c) and (d) (1971).

■ The trial judge's resolution of the improper argument objection on waiver grounds is at odds with the basic philosophy underlying our decision in *United States v. Graves, supra* at 437, 50 C.M.R. at 396, 1 M.J. at 53. "The trial judge is more than a mere referee, and as such he is required to assure that the accused receives a fair trial." (Footnote omitted.) Furthermore, invocation of waiver under the facts in this case cannot be squared even with the rationale behind the affirmative waiver doctrine: to encourage correction of an error in the trial forum "and thus avoid further costly proceedings. . . . [T]he failure to object deprives the trial court of these opportunities to protect the trial from reversible error." *United States v. Pinkney,* 22 U.S.C.M.A. 595, 598, 48 C.M.R. 219, 222 (1974). *Accord, United States v. Nelson,* 1 M.J. 235 (1975).[1] We conclude therefore that waiver inappropriately was invoked by the trial judge in this instance. *See United States v. Massey,* 50 C.M.R. 346 (ACMR 1975).

■ The inflammatory nature of the trial counsel's argument coupled with the severity of the imposed sentence convinces us that there is a fair risk that the accused was prejudiced by the prosecutor's remarks. *United States v. Gerlach,* 16 U.S.C.M.A. 383, 37 C.M.R. 3 (1966).[2]

---

1. Indeed, the defense counsel afforded the trial judge just such an opportunity "to protect the trial from reversible error" by objecting and moving for a mistrial. If the trial judge had concluded that what occurred was not error, then the events which transpired thereafter would be understandable. What is troubling,

however, is that here a judicial officer acknowledged on the record that error was present in the proceedings. Yet he elected to do nothing rather than declaring a mistrial.

2. So much of our decision in *United States v. Wood,* 18 U.S.C.M.A. 291, 40 C.M.R. 3 (1969), as tests such an argument for prejudice by

**380**

In his final assignment of error, the appellant urges dismissal of the charges on the basis of a 234-day delay between the conclusion of the trial and the action of the convening authority. Conceding that the 90-day *Dunlap*[3] standard is not applicable, the defense urges that even applying pre-*Dunlap* standards, dismissal is appropriate. Under our prior guidelines, before ordering dismissal of the charges, there must be, in addition to lengthy post-trial delay, "some error in the proceedings which requires that a rehearing be held *and* that because of the delay appellant would be either prejudiced in the presentation of his case at a rehearing or that no useful purpose would otherwise be served by continuing the proceedings." *United States v. Gray,* 22 U.S.C. M.A. 443, 445, 47 C.M.R. 484, 486 (1973) (emphasis added), *citing United States v. Timmons,* 22 U.S.C.M.A. 226, 46 C.M.R. 226 (1973).

Although satisfied that a rehearing as to sentence is warranted to remedy the error previously discussed, we are not persuaded that the lengthy post-trial delay will adversely affect the appellant's ability to present such evidence in extenuation and mitigation during that hearing as he deems appropriate. Nor do we believe that the interests of justice dictate that these proceedings be terminated inasmuch as the appellant's conviction is free from error.

The decision of the United States Army Court of Military Review is affirmed as to findings but reversed as to sentence. The record of trial is returned to the Judge Advocate General of the Army. A rehearing as to sentence may be ordered by the same or a different convening authority.

Senior Judge FERGUSON concurs.

COOK, Judge (dissenting):

It has long been settled that objection to impermissible comment by counsel in the course of argument must be made at the time of the comment. *Fogarty v. United States,* 263 F.2d 201 (5th Cir. 1959), *cert. denied,* 360 U.S. 919, 79 S.Ct. 1437, 3 L.Ed.2d 1534 (1959). Here, objection was not made until after the judge had instructed the court members in regard to the sentence. I agree with the judge that the objection came too late. *See United States v. Ward,* 481 F.2d 185 (5th Cir. 1973), where the court held that it is " 'not sufficient to move for a mistrial after all the arguments are in.' " *Id.* at 187. No valid excuse was offered for the untimely objection. As to the alleged severity of the sentence, for a forcible gang rape in the presence of the victim's husband, for which Article 120 authorizes the penalty of death, the sentence adjudged does not impress me as being so inordinately severe as to indicate that a miscarriage of justice will result if I do not take cognizance of the prosecutor's comments. I would, therefore, affirm the decision of the United States Army Court of Military Review.

---

looking to counsel's *voir dire* of the court members during the preliminary phase of the trial, is overruled *as being an inappropriate method* for determining the prejudicial impact of a closing argument.

3. *Dunlap v. Convening Authority,* 23 U.S.C. M.A. 135, 48 C.M.R. 751 (1974).