**UNITED STATES**

v.

**Charles A. DONALDSON, 139 28 2367, Major (O–4), U. S. Marine Corps.**

**NCM 73 0291.**

U. S. Navy Court of Military Review.

Sentence Adjudged 1 May 1972.

Decided 20 Jan. 1977.

LCDR M. D. Rapp, JAGC, USN, Appellate Defense Counsel.

CAPT C. P. Mackin Jr., USMCR, Appellate Government Counsel.

CAPT Mark M. Humble, USMCR, Appellate Government Counsel.

Before CEDARBURG, C. J., and NEWTON and GLADIS, JJ.

NEWTON, Senior Judge:

Seven years after commission of certain offenses, following investigation, trial preliminaries, trial, review, appeals, and further review, this case comes to maturity, in its third submission to this Court. Appellant currently stands convicted of three offenses committed during calendar year 1970. They consist of violations of currency control regulations in the Republic of Vietnam by wrongful purchase and possession of U.S. dollar-instruments and wrongful possession of U.S. currency, all alleged as violations of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892. Appellant's sentence at this stage of the proceedings consists of a $10,000 fine, or confinement, not to exceed one year, until the fine is paid.

Major Donaldson was convicted, contrary to his plea at general court-martial, of twenty-four offenses relating to the violation of currency control regulations. The offenses occurred while he was on duty in the Republic of Vietnam, during the recent armed conflict in that part of the world. On initial review, this Court affirmed the findings of guilty and the sentence as awarded and approved. *United States v. Donaldson*, No. 73 0291 (N.C.M.R. 26 April 1974).

On appeal, the United States Court of Military Appeals reversed the decision as to the findings of guilty of Charge II and its twenty-one specifications, and the sentence. The record was returned to this Court with alternative direction to either return it to the convening authority for further proceedings consistent with the Court's opinion; or, to set aside the findings of guilty of Charge II and its specifications, dismiss those charges, and reassess the sentence on the basis of the remaining findings of guilty, expressly excluding dismissal from the Naval service as part of the authorized punishment. *United States v. Donaldson*, 23 U.S.C.M.A. 293, 49 C.M.R. 542 (1975).

This Court chose the former alternative, by return of the record to the convening authority for a rehearing, or other action considered to be appropriate and consistent with the decision of the United States Court of Military Appeals. *United States v. Donaldson*, No. 73 0291 (N.C.M.R. 18 April 1975).

The convening authority, after due deliberation, set aside the findings of guilty of Charge II and its specifications and dismissed those charged offenses. He then reassessed the sentence on the basis of the remaining findings of guilty, and approved only so much of the sentence as provides for a fine of $10,000, to be paid within 30 days from the date of his action, and, if not paid, confinement at hard labor until said fine is so paid, but for no longer than one year. The convening authority ordered that sentence executed.

■ This case is properly before this Court for review, inasmuch as the sentence may extend to confinement at hard labor for one year. As a further consequence of the particular sentence, the convening authority had no authority to order the sentence executed; therefore, such execution is void, although his approval of that sentence is legally permissible. Arts. 66 and 71, UCMJ, 10 U.S.C. §§ 866, 871; *United States v. Lucero*, 18 C.M.R. 942 (A.C.M.1955).

At this appeal, appellant brings forward thirteen assignments of error, listed below:

I. APPELLANT WAS DENIED HIS RIGHT TO A SPEEDY TRIAL.

II. APPELLANT WAS IMPROPERLY DENIED THE RIGHT TO COUNSEL OF HIS CHOICE.

III. APPELLANT WAS DENIED HIS RIGHT TO TRIAL BY IMPARTIAL COURT MEMBERS.

IV. APPELLANT WAS DENIED HIS RIGHT TO AN ARTICLE 32 PRETRIAL INVESTIGATION OF ADDITIONAL CHARGES I AND II.

V. PROVISIONS OF MAC DIRECTIVE 37–6 ARE ARBITRARY, VAGUE, AND EXCESSIVELY BROAD, RENDERING THAT REGULATION INVALID.

VI. U.S. TREASURY CHECKS ADMITTED INTO EVIDENCE AS PROOF OF ADDITIONAL CHARGES I AND II WERE OBTAINED BY AN UNLAWFUL SEARCH OF APPELLANT'S BANK RECORDS.

VII. SPECIFICATION 1 OF ADDITIONAL CHARGE I FAILS TO STATE AN OFFENSE.

VIII. THE EVIDENCE OF RECORD DOES NOT ESTABLISH APPELLANT'S GUILT OF ADDITIONAL CHARGE II BEYOND REASONABLE DOUBT.

IX. THE MILITARY JUDGE ERRONEOUSLY FAILED TO PROVIDE THE COURT MEMBERS ADEQUATE INSTRUCTIONS REGARDING ADDITIONAL CHARGE II.

X. THE STAFF JUDGE ADVOCATE'S REVIEW OF 24 JANUARY 1976 WAS PREJUDICIALLY INADEQUATE.

XI. THE GOVERNMENT, IN VIOLATION OF *UNITED STATES V. GOODE,* 23 U.S.C.M.A. 367, 50 C.M.R. 1, 1 M.J. 3 (1975), FAILED TO SERVE A COPY OF THE 24 JANUARY 1976 STAFF JUDGE ADVOCATE'S REVIEW ON COUNSEL FOR THE ACCUSED.

XII. APPELLANT WAS DENIED SPEEDY REVIEW OF HIS CASE.

XIII. APPELLANT'S FINE WAS EXCESSIVE.

Assignments of error I, III, IV, V, VI, VII, VIII and IX do not merit discussion. Major Donaldson's guilt of the current offenses to which those assignments pertain has been thoroughly litigated. That guilt has been finally decided by the United States Court of Military Appeals. *United States v. Donaldson,* 23 U.S.C.M.A. 293, 49 C.M.R. 542, *supra.* No purpose is to be served by again discussing those issues, even if this Court was disposed to do so and it is not so disposed. *United States v. Field,* 5 U.S.C.M.A. 379, 18 C.M.R. 3 (1955); *United States v. Yelerton,* 26 C.M.R. 586 (A.C.M. 1958), pet. withdrawn, 9 U.S.C.M.A. 836, 26 C.M.R. 516 (1958); *United States v. Fields,* 26 C.M.R. 681 (A.C.M.1958), *pet. den.,* 10 U.S.C.M.A. 663, 27 C.M.R. 512 (1958). *See also United States v. Yelverton,* 8 U.S.C.M.A. 424, 24 C.M.R. 234 (1957); *United States v. Fields,* 9 U.S.C.M.A. 70, 25 C.M.R. 332 (1958); and *United States v. Field,* 3 U.S.C.M.A. 182, 11 C.M.R. 182 (1953). Assignments of error I, III, IV, V, VI, VII, VIII and IX are without merit, because the matter of Major Donaldson's guilt of the noted offenses is finally concluded, in the absence of additional attack on grounds of newly discovered evidence or fraud on the Court. Arts. 73, 76, UCMJ, 10 U.S.C. §§ 873, 876.

The remaining assignments of error relate to the posttrial proceedings and action by the convening authority.

Turning to the second assignment of error—denial of counsel—this Court is not unmindful of the more than substantial workload of important matters within the Office of the Judge Advocate General of the Navy and in the Navy Appellate Review Activity within that office. The efforts made there to maintain a manageable workload in the face of lawyer-personnel reductions over the past few years, including the efforts made by utilizing temporary duty assignments at the expense of other activities, are well known. The reluctance of the Judge Advocate General to assign those officer-lawyers in his office and at NAVARA to duty away from their primary

function is appreciated. There does not appear to be any well founded basis to assert that a judge advocate who represents an accused before the military appellate court system thereby establishes a continuing or affirmative duty to represent that accused at a new or different trial, or rehearing, or other action taken at a lower level. Under the applicable statute, military appellate counsel perform functions in connection with review of court-martial cases. They do not perform trial duties or duties at the convening/supervisory authority level. UCMJ, Art. 70, 10 U.S.C. § 870; *United States v. Patterson*, 22 U.S.C.M.A. 157, 46 C.M.R. 157 (1973); *United States v. Herrera*, 22 U.S.C.M.A. 163, 46 C.M.R. 163 (1973); *United States v. Wright*, 40 C.M.R. 895 (A.C.M.R.1969). Appellant had no right to the services of the requested appellate counsel at the trial level, merely because that counsel had represented him before the appellate courts. Nor does the denial of requested counsel appear unreasonable or without good cause, or as an abuse of discretion, in view of the manifold reasons for that denial as set out by the Judge Advocate General in his response to the appellant's request. It appears that the requested counsel was not reasonably available. *United States v. Eason*, 21 U.S.C.M.A. 335, 45 C.M.R. 109 (1972); *United States v. Barton*, 48 C.M.R. 358 (N.C.M.R.1973); *United States v. Brooks*, 1 U.S.C.M.A. 88, 1 C.M.R. 88 (1951). The second assignment of error is denied.

■ Examination of assignment of error XII shows it to be without merit, inasmuch as the case was necessarily considered by a new and different convening authority during the period of which appellant complains. The record and allied papers number about 2,000 pages. The issues are complex. Locations of numerous witnesses had to be determined. Availability of requested counsel needed resolution. There was continuing forward movement in the case. There is no showing that appellant was prejudiced by the delay. In fact, he experienced a beneficial resolution of numerous charges, occasioned by the careful and time consuming consideration of the convening authority. *United States v. Shamberger*, 24 U.S.C.M.A. 203, 51 C.M.R. 448, 1 M.J. 377 (1976).

■ Assignments of error X and XI, relating to the staff judge advocate's review, have merit. A new convening authority was acting in the case. A staff judge advocate's review was required prior to the convening authority acting on the record. The review at issue failed to include a summary of the evidence—not even by incorporation of previous reviews. Nor, did it include any substantial reasons for the recommendation made as to the sentence to be approved, as required. *Manual for Courts-Martial, United States, 1969* (Revised edition), par. 85. Additionally, the review was not served on appellant's counsel as required. *United States v. Goode, supra.* In the usual case return of the record for additional review and action would be considered necessary due to these deficiencies. *United States v. Cruse*, 21 U.S.C.M.A. 286, 45 C.M.R. 60 (1972). However, that course of action is not considered warranted or appropriate. After nearly 7 years of activity, prolongation of this case is seen to serve no useful purpose. The interests of justice now seem best served by termination of these proceedings. Appellant has suffered enough from the circumstances which have prevented this case from being completed. This Court may act, under the mandate of the United States Court of Military Appeals, by reassessment of the sentence. The punitive dismissal and Charge II and its specifications have previously been set aside, as directed. Accordingly, we may cure the errors noted by reassessing the remaining sentence in view of appellant's guilt as previously determined.

■ We turn to the final assignment of error. Senior Judge Timblin, in his concurring/dissenting opinion in this Court's ini-

tial decision, notes that the appellant was a skillful and nearly constant poker player. He won a considerable amount of money in military script—the medium of exchange of military forces in Vietnam. Understandably, appellant desired to retain his winnings when he returned home. In order to realize that aim, he violated the area military commander's general order regarding conversion to and possession of United States currency while in Vietnam. It appears that appellant's misconduct is principally laid to his gambling with subordinate personnel and to his encouraging them to violate currency regulations, both of which involve direct flouting of military authority, as does violation of the regulation itself. Unwarranted enrichment occurred. A fine is appropriate punishment. MCM, 1969 (Rev.), par. 126h (3). The offenses of which appellant stands convicted show him to have utilized about $6,550.00 in his nefarious transactions. Those are the only offenses of which he is convicted. Therefore they appear to be the only offenses to which the fine should be made applicable. We make it so.

Accordingly, only so much of the sentence as provides for a fine of $6,550.00, to be paid within 30 days from the date the sentence is ordered executed, and if not so paid, to be confined at hard labor until said fine is so paid, but for no longer than 1 year, is affirmed.

Chief Judge CEDARBURG and Judge GLADIS concur.