UNITED STATES, Appellee,

v.

**Private E1 Terrell W. SMART, SSN 254–35–3761, United States Army, Appellant.**

SPCM 20153.

U.S. Army Court of Military Review.

28 Feb. 1984.

Opinion Revised and Released for Publication 14 March 1984.

Lieutenant Colonel William P. Heston, JAGC, Captain Rita R. Carroll, JAGC, and Captain Craig E. Teller, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Andrew D. Stewart, JAGC, and Captain Charles S. Arberg, JAGC, were on the pleadings for appellee.

Before CLARKE, SU–BROWN and BADAMI, Appellate Military Judges.

## OPINION OF THE COURT

SU–BROWN, Judge:

Appellant was tried by a special court-martial before a panel composed of officers. In accordance with his pleas, he was convicted of larceny of $163.00 U.S. currency, property of the United States Government. He was sentenced to a bad-conduct discharge, confinement at hard labor for three months, and forfeiture of $382 pay per month for three months. The convening authority approved the sentence.

Appellant now contends that he was materially prejudiced when the trial counsel argued, during sentencing, that the appellant should be punished vicariously for the unpunished crimes of others. We agree with appellant and will modify the sentence.

In his closing argument, trial counsel thoroughly discussed appellant's three prior Article 15s, 10 U.S.C. § 815 and the effect those punishments had on the appellant. This was followed by what appellant cites as improper argument:

> Now, throughout your career you have seen and you've heard and you've read about people committing crimes and never getting caught. We've heard it today from two of the court members who have had larcenies committed against them.[1] Did they ever get caught? No. Were they ever punished? No. Well now is an opportunity to punish, and I submit to you that this opportunity to punish should include six months confinement at hard labor. Six months sitting in a jail cell, or a confinement facility. That's not too much.

The trial defense counsel made no objection to this argument, and the military judge gave no *sua sponte* curative instruction.

It is well established that counsel must limit their argument to evidence in the record and to such fair inferences as may be drawn therefrom. *United States v. Nelson,* 1 M.J. 235 (C.M.A.1975). By urging the court members to consider unpunished crimes against two of their members and wreak vengeance upon the appellant, trial counsel invited the court members to cast aside their duty to remain objective and impartial and to arrive at a sentence from the standpoint of personal interest. *United States v. Wood,* 18 U.S.C.M.A. 291, 40 C.M.R. 3, 8 (1969). Of course, not all improper argument by trial counsel is grounds for reversal, and a failure to object may indicate that defense counsel did not regard the argument as prejudicial or improper. *United States v. Ryan,* 21 U.S.C.M.A. 9, 44 C.M.R. 63, 65 (1971); *United States v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956). However, the military judge has an obligation to act *sua sponte* when there is a fair risk that an improper argument will have an appreciable effect upon the court mem-

bers. Paragraph 72c, Manual for Courts-Martial, United States, 1969 (Revised edition); *United States v. Nelson,* 1 M.J. at 239; *United States v. Davis,* 47 C.M.R. 50, 53 (A.C.M.R.1973). Failure of the military judge to interrupt trial counsel's argument in this case materially prejudiced the substantial rights of the appellant within the meaning of Rule 103(d), Mil.R.Evid. and cannot be waived.

The findings of guilty are affirmed. Reassessing the sentence on the basis of the error noted and the entire record, the Court affirms only so much of the sentence as provides for a bad-conduct discharge.

Judge BADAMI concurs.

Senior Judge CLARKE absent.

---

1. We note that neither of these members was challenged for cause. A third panel member, who also was the victim of a larceny, was preemptorily challenged after a challenge for cause was denied.