UNITED STATES, Appellee,

v.

Private First Class Julian A. TURNER,
SSN 343–56–3560, United States
Army, Appellant.

CM 443171.

U.S. Army Court of Military Review.

11 April 1984.

Colonel William G. Eckhardt, JAGC, Lieutenant Colonel R. Rex Brookshire, JAGC, Captain Warren G. Foote, JAGC, and Captain Vivian B. Wiesner, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel John T. Edwards, JAGC, Captain Karen A. Charbonneau, JAGC, and Captain John J. Park, Jr., JAGC, were on the pleadings for appellee.

Before WOLD, NAUGHTON and CO-HEN, Appellate Military Judges.

## OPINION OF THE COURT

WOLD, Senior Judge:

Appellant was convicted of adultery, Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. 934 (1976), based on his plea of guilty; and of two rapes, Article 120, UCMJ, 10 U.S.C. § 920, attempted forcible sodomy, Article 80, UCMJ, 10 U.S.C. 880 (1976); and communication of indecent language to a female, Article 134, UCMJ, 10 U.S.C. 934 (1976), after a contested trial with members. Briefly summarized, the evidence shows that appellant first met the victim at a picnic on Fort Leonard Wood, Missouri, and offered her a ride home to her barracks, but instead drove her to a lake on post where he raped her. During this rape he communicated certain indecent language to her. After the first rape, appellant drove the victim to another location on post where he again communicated indecent language to her, then raped her a second time. He interrupted his second rape to attempt forcible anal sodomy. Both appellant and his victim were married to others at the time. Appellant's sentence to dishonorable discharge, confinement at hard labor for five years,

forfeiture of all pay and allowances, and reduction to Private E-1 was approved by the convening authority.

Of appellant's assignments of error, five merit discussion. These involve the trial judge's instructions on findings, the trial counsel's argument on findings, the designation by the convening authority of Article 32, UCMJ, investigating officers for appointment by subordinate commanders, a claimed inconsistency in findings of guilty of both rape and adultery, and multiplicity of the offenses for sentence purposes. The remaining assignments of error, including those personally raised by appellant, are without merit.

### I

#### Instructions on Findings

The trial judge instructed the court, *inter alia,*

[Y]ou may find the accused guilty of an offense only if you are convinced as to his guilt by legal and competent evidence beyond a reasonable doubt. And that rule applies to each element of each offense. The prosecution must establish each element of an offense beyond reasonable doubt before the accused can be found guilty of that offense.

\* \* \* \* \* \*

The fourth element [of attempted sodomy] is that these acts apparently tended to bring about the commission of the offense of sodomy; that is, that the acts apparently would have resulted in the actual commission of the offense of sodomy except for the resistance of Private A., which prevented completion of that offense.

\* \* \* \* \* \*

Now if after deliberation the court is not convinced that the prosecution has established each element of the offense of attempted sodomy as I have just read those elements to you, then you should next consider the lesser included offense. . . .

\* \* \* \* \* \*

You must disregard any comment or statement made by me ... that might seem to you to indicate a personal opinion on my part as to the guilt [or] the innocence of the accused ... [Y]ou and you alone have the responsibility to make that determination.

■ Appellant contends here, as he did at trial, that the portion of the quoted instruction defining the fourth element of attempted sodomy was erroneous because it implied that Private A's resistance had been established. The plain meaning of the instructions quoted above is: (1) that each element of an offense must be proven to the satisfaction of the members by the evidence; (2) that one of the elements to be so proven was that the acts alleged tended to bring about the offense of sodomy; (3) that the language to which appellant objects was an alternate definition of that element; and (4) that therefore Private A's resistance was a matter which had to be proven to the satisfaction of the members by the evidence. This plain meaning is consistent with and is supported by the content and tenor of the trial judge's closing charge taken as a whole.

■ Appellant also argues that the trial judge's instructions on the lesser included offense of indecent acts with another in violation of Article 134, UCMJ, were fatally deficient because they did not spell out the failures of proof as to the greater offense, attempted sodomy, which would require conviction of no more than the lesser offense. The elements of the greater and lesser offenses were given succinctly and in immediate succession. The contentions of the parties were simple and straightforward. The evidence was uncomplicated. Trial defense counsel apparently felt that the instructions were sufficient to properly guide the members in their deliberations for he raised no objection and requested no additional instructions in this respect. *See United States v. Kloh,* 10 U.S.C.M.A. 329, 27 C.M.R. 403 (1959).

As the sufficiency of instructions is measured by their content when interpreted together and taken as a whole (*e.g., United*

*States v. Bethas,* 11 U.S.C.M.A. 389, 29 C.M.R. 205 (1960)), we do not hesitate to conclude that the instructions in the case at bar were free of error.

## II

### Argument on Findings

Appellant contends that he was prejudiced by improper comments in the trial counsel's closing argument.

Appellant and the prosecutrix both testified on the merits of the case. Their testimony was in direct conflict as to many material facts. Trial defense counsel's closing argument suggested that the prosecutrix had fabricated her testimony that she was raped because she feared appellant had impregnated her and she therefore needed an innocent explanation for her husband.

In rebuttal, trial counsel argued, based on the evidence and reasonable inferences therefrom, that numerous portions of appellant's testimony were lies. In addition she said, referring to appellant:

He lied to you yesterday on the stand under oath. That should make you upset. Here you gentlemen sit giving this man every benefit of the doubt, and he lies to you on the stand.

Trial defense counsel did not object to these portions of the argument.

■ As to the instances in which trial counsel argued that specific portions of appellant's testimony were lies, we find no impropriety. Argument is not required to be sterile or anemic; blunt and emphatic language is essential to effective advocacy in most cases. *United States v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252 (1956). In arguing from the evidence that appellant's testimony on a particular point was false, under circumstances in which appellant would have known the truth, counsel did not exceed the bounds of permissible advocacy by branding the testimony a lie. In short, we hold that this portion of trial counsel's argument was fair comment on the evidence. *See United States v. Johnson,* 1 M.J. 213 (CMA 1975).

■ The quoted portion of trial counsel's argument went further. There counsel shifted from attacking the probative value of appellant's testimony to urging an emotional reaction to appellant's testimony. Arguments which "influence the passions or prejudices of the jury" or "divert the jury from its duty to decide the case on the evidence" are forbidden. ABA Standards for Criminal Justice, The Prosecution Function, Standard 3–5.8(c), (d) (2d ed. 1980). *See also United States v. Shamberger,* 1 M.J. 377 (CMA 1976). We hold that this portion of trial counsel's argument was improper.

■ Having determined this question, we turn to the related issues of whether appellant was prejudiced by the improper argument, *United States v. Gerlach,* 16 U.S.C. M.A. 383, 37 C.M.R. 3 (1966), and whether application of the waiver doctrine is appropriate. *See generally United States v. Russell,* 15 U.S.C.M.A. 76, 35 C.M.R. 48 (1964) (failure to object to argument waives issue on appeal unless miscarriage of justice would result).

We note that the improper portion of trial counsel's argument was a single small segment of a lengthy rebuttal which consumed over fifteen pages of transcript and included detailed expositions of many other subjects. The relative insignificance of this particular argument as compared to trial counsel's entire argument suggests that any resulting prejudice was minimal. In addition, we find trial defense counsel's failure to object indicative of his assessment that the prejudicial impact, if any, was minimal. *See United States v. St. John,* 23 U.S.C. M.A. 20, 48 C.M.R. 312 (1974). This inference is especially persuasive because trial defense counsel in this case was very active throughout the trial and did not hesitate to interrupt trial counsel's argument to make other objections. It appears unlikely that trial counsel's comment was a substantial factor in the court's deliberations. *United States v. Grandy,* 11 M.J. 270 (CMA 1981).

Assuming that the trial counsel's comment was considered during deliberations, we find no fair risk that the court would have reached a different verdict had the improper argument been omitted. *Cf. United States v. Nelson,* 1 M.J. 235 (CMA 1975) (conviction reversed because of "fair risk" that impermissible argument affected members). We reach this conclusion for two reasons.

First, we find that appellant's testimony as a whole was objectively improbable and, in some respects, internally inconsistent. We are satisfied that the members rejected appellant's version of the facts because his testimony lacked credibility rather than because of trial counsel's comment.

Second, the primary danger from trial counsel's improper argument was that the members would convict simply because appellant lied to them rather than analyze the evidence to determine what facts had been proven and whether those facts established the elements of the offenses. The posture of the case indicates that this did not happen. The critical evidence in the case was the testimony of appellant and the prosecutrix concerning what happened while they were alone. If appellant's version was true, he was innocent of the charges. If the prosecutrix's version was true, appellant was guilty. Their testimony on the critical issues was in direct conflict. The conclusion that appellant's version was false would have a powerful tendency to resolve the factual issues against appellant and so to prove the elements of the offenses. A determination that appellant had lied when he testified was much more likely to have persuaded the members that the elements were established by the facts than to have influenced them to convict merely because they were angry at appellant for lying.

In summary, we find no fair risk that appellant was prejudiced by trial counsel's improper argument and no impediment to application of the waiver doctrine.

## III

### Designation of Article 32 Investigating Officers by Convening Authority

■ Appellant contends that it was error for the general court-martial convening au-

thority to require his subordinate commanders to appoint one of two designated officers to perform any investigation conducted pursuant to Article 32, UCMJ. He argues that this action impermissibly interfered with the independent exercise of the subordinate commanders' discretion to select investigating officers. We disagree. *Cf. United States v. Blaylock,* 15 M.J. 190 (CMA 1983) (commander may exercise the powers granted to him by Article 22, UCMJ, and in the exercise of such power direct or override the actions of a subordinate).

## IV

### Inconsistent Findings

 Appellant contends that the trial judge erred by failing to dismiss the adultery charge on his own motion after appellant was found guilty of rape based on the same acts of intercourse involved in the adultery. In the interest of judicial economy, we will resolve this issue in the same manner chosen by the United States Court of Military Appeals in *United States v. McCrae,* 16 M.J. 485 (CMA 1983), *i.e.,* by dismissing the adultery charge.

## V

### Multiplicity

Appellant contends that his convictions for rape, attempted forcible sodomy and communicating indecent language should have been treated as a single offense for sentencing purposes. The two rapes were clearly separate in time and place.

*See United States v. Zeigler,* 14 M.J. 860 (ACMR 1982), *pet. denied,* 15 M.J. 461 (CMA 1983). The attempted sodomy is fundamentally different in its nature than rape and is therefore separately punishable. *See United States v. Dearman,* 7 M.J. 713 (ACMR), *pet. denied,* 7 M.J. 376 (CMA 1979). We hold that the indecent language offense should have been merged with the rapes for sentencing purposes. *Cf. United States v. Swaney,* 9 M.J. 749 (ACMR 1980) (communication of threat multiplicious with aggravated assault when offenses arose out of a single transaction guided by a single impulse). Considering the relative severity of these offenses, the fact that this error caused no difference in the maximum punishment, and the severity of the sentence adjudged at trial, we find no prejudice to appellant.

## VI

### Disposition

The finding of guilty of Specification 1 of the Additional Charge is set aside and that specification is dismissed. The remaining findings of guilty and the sentence are affirmed.

Judge NAUGHTON and Judge COHEN concur.