**UNITED STATES, Appellee,**

v.

**Specialist Darren A. EDMONDS, 497–78–5629, United States Army, Appellant.**

**ACMR 9200684.**

U.S. Army Court of Military Review.

29 Jan. 1993.

For Appellant: Colonel Malcolm H. Squires, Jr., Captain Paul H. Turney, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC, Captain Samuel J. Smith, Jr., JAGC (on brief).

Before De GIULIO, BAKER, and WALCZAK, Appellate Military Judges.

OPINION OF THE COURT

De GIULIO, Senior Judge:

Appellant was tried by a general court-martial composed of officers and enlisted members. Pursuant to his pleas, he was found guilty of robbery and conspiracy to commit robbery, in violation of Article 122 and 81, Uniform Code of Military Justice, 10 U.S.C. §§ 922 and 881 (1982). He was sentenced to a dishonorable discharge, confinement for twelve months, total forfeitures, and reduction to Private E1. The

convening authority reduced the dishonorable discharge to a bad-conduct discharge but otherwise approved the sentence.

Appellant asserts, *inter alia,* that the military judge erred by failing to provide curative instructions, *sua sponte,* after trial counsel made clearly improper and inflammatory remarks during his presentencing argument. We find no error and affirm.

Appellant and four other soldiers were discussing how each had been robbed or had seen people robbed before they came into the army. They decided that they would rob a taxi driver. They dressed in black clothing and proceeded to the local community. Three of the soldiers hid behind bushes while the appellant and another soldier flagged down a taxi. Appellant jerked the taxi door open, pushed the taxi driver down into the passenger seat, and held him down. The other soldiers jumped from the bushes and seized the driver's wallet. The appellant and the other soldiers ran but were later apprehended. According to the stipulation of fact, the taxi driver was frightened when the robbery began and became more frightened when he realized appellant's other accomplices were approaching the taxi.

During presentencing, trial counsel argued that the co-conspirators discussed the fear and trauma of being robbed or watching another being robbed, planned to inflict that fear upon another, and did so. He further argued:

> Consider also the fear that taxicab driver must have experienced. You know he was fearful because in the Stipulation of Fact, it says he grabbed for the microphone to call for help. He was forced to the seat, and he struggled to get free. Yet, he was still unable to do so. *Imagine his fear as he hears another group of individuals coming up to the car to do who knows what to him. Punish the accused also, not only for the fear that [the victim] felt that night, but also for the force that must have been used to hold that frightened man down.* The accused, members of the panel, was the individual that [sic] decided that he was

going to stand on the side of the road and flag down that taxi cab. Then he was going to snatch open that door, and he was going to force that taxicab driver down in the seat. When sentencing him consider how hard he must have held that frightened man down, not only initially, but when that frightened pinned animal understood that there were three other individuals, or a group of other individuals coming to that car.... Consider, members of the panel, that the accused must be punished for the careful planning and the execution, and the fear and violence that he inflicted on [the victim] that night. (emphasis added).

It is the emphasized part of the argument that appellant asserts was error. It is noted that there was no objection at trial to the argument. Appellant asserts that the trial counsel improperly asked the court members to place themselves in the place of the victim and "robbed appellant of a neutral court."

■ Argument must be limited to evidence of record and to the fair inferences that can be drawn from that evidence. *United States v. Nelson,* 1 M.J. 235 (C.M.A.1975). Trial counsel is charged with being as zealous an advocate for the Government as defense counsel is for the accused. *United States v. McPhaul,* 22 M.J. 808, 814 (A.C.M.R.), *petition denied,* 23 M.J. 266 (C.M.A.1986). Trial counsel may strike hard blows but they must be fair. *United States v. Doctor,* 7 U.S.C.M.A. 126, 21 C.M.R. 252, 256 (1956). Sterile or anemic arguments are not required in order to stay within the bounds of fair comment; blunt and emphatic language is required in most cases for effective advocacy. *United States v. Turner,* 17 M.J. 997, 999 (A.C.M.R.) *petition denied,* 19 M.J. 17 (C.M.A.1984). Where argument is directly related to legitimate concerns on sentencing, the fact that it evokes strong emotions does not make it improper. *United States v. Williams,* 23 M.J. 776, 779 (A.C.M.R.1987). On the other hand, it is error for the prosecutor to seek unduly to inflame the passions or prejudices of the court members. *United States v. Clifton,* 15 M.J. 26 (C.M.A.1983). Thus, it has been

held to be plain error for trial counsel to invite court members to consider unpunished crimes against the court members. *United States v. Smart,* 17 M.J. 972 (A.C.M.R.1984).

The case before us is most similar to *United States v. Shamberger,* 1 M.J. 377 (C.M.A.1976), and to *United States v. Wood,* 18 U.S.C.M.A. 291, 40 C.M.R. 3 (1969). In *Shamberger,* the trial counsel asked the court members to place themselves in the position of the husband of the rape victim. The husband was restrained by two accomplices and watched his wife raped repeatedly. In *Wood,* the trial counsel appealed to the members to sentence the accused from the perspective that their own sons had been the victims of indecent liberties by the accused, a scoutmaster who had been found guilty of indecent liberties with three young boys under his supervision. The United States Court of Military Appeals found error in both cases. In *Shamberger,* the Court repeated its holding in *Wood:* "[T]o ask a court member to place himself in the position of a near relative wronged by the accused is to invite him to cast aside the objective impartiality demanded of him as a member and judge the issue from the perspective of personal interest." 1 M.J. at 379. Even though the Court found error, a test for prejudice was indicated by the following statement: "The inflammatory nature of the trial counsel's argument coupled with the severity of the imposed sentence convinces us that the accused was prejudiced by the prosecutor's remarks." *Id.*

■ In the case before us, trial counsel's argument was very different from the arguments in *Wood* and *Shamberger.* He asked the court to imagine the fear of the victim. He did not ask the court to place themselves in the position of a husband forced to watch a rape or to punish the appellant as if he was molesting their children. Trial counsel's argument, when taken in context, merely asked the court to consider the fear of the victim of the robbery, a matter which is part of one of the elements of the offense. *See* Manual for Courts–Martial, United States, 1984, para.

47b(3). His argument is analogous to asking the court members to consider victim impact evidence. Such an argument is permissible. *See Payne v. Tennessee,* 501 U.S. ——, ——, 111 S.Ct. 2597, 2680, 115 L.Ed.2d 720 (1991); *United States v. Holt,* 33 M.J. 400 (C.M.A.1991). *United States v. Fontenot,* 29 M.J. 244 (C.M.A.1989). We hold that trial counsel's argument calling on the court members to imagine the fear of the victim was a permissible comment on the evidence.

■ Even assuming error, the trial counsel's argument did not seriously affect the fairness, integrity, or public reputation of the court-martial proceedings and was not plain error. *See United States v. Fisher,* 21 M.J. 327 (C.M.A.1986). Absent plain error, failure to object to the argument waived the objection. *See* Manual for Courts–Martial, United States, 1984, Rule for Court–Martial 1001(g); *United States v. Carroll,* 34 M.J. 843, 844 (A.C.M.R.1992); *McPhaul,* 22 M.J. at 814. If we were to test for prejudice, considering the nature of the argument and the relatively lenient sentence, we would find no prejudice to appellant. *See Shamberger,* 1 M.J. at 379.

The remaining assertions of error, to include that raised by appellant pursuant to *United States v. Grostefon,* 12 M.J. 431 (C.M.A.1982), are also without merit.

The findings of guilty and the sentence are affirmed.

Judge BAKER and Judge WALCZAK concur.