# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
BURTON, SALADINO, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist NICHOLAS S. MARCUM**
**United States Army, Appellant**

ARMY 20150500

Headquarters, United States Army Alaska
Samuel A. Schubert, Military Judge
Lieutenant Colonel Rana D. Wiggins, Acting Staff Judge Advocate

For Appellant: Philip D. Cave, Esquire (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Eric K. Stafford, JA; Major Wayne H. Williams, JA (on brief).

22 March 2019

---------------------------------------------------
MEMORANDUM OPINION ON REMAND
---------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SALADINO, Judge:

Appellant was a saxophone player in the Army band who raped the fifteen-year-old daughter of a fellow band member.[1] Our court previously conducted an appellate review of this case pursuant to Article 66, Uniform Code of Military Justice [UCMJ], affirming appellant's conviction and sentence. *United States v. Marcum*, 2017 CCA LEXIS 312 (Army Ct. Crim. App. 5 May 2017). Appellant's

---

[1] An officer panel sitting as a general court-martial convicted appellant, contrary to his plea, of rape of a child in violation of Article 120b, Uniform Code of Military Justice, 10 U.S.C. §§ 920b (2012) [UCMJ]. The panel sentenced appellant to a dishonorable discharge, confinement for twenty years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the findings and sentence as adjudged.

assigned error asserted the trial counsel committed an accumulation of preserved and unpreserved errors during argument on the merits and sentencing, which deprived appellant of a fair trial. This court held that the preserved claims of error did not prejudice appellant, individually or in the aggregate. *Id.* at *6-8. We also held that the claims of unpreserved error were waived. *Id.* at *4. The Court of Appeals for the Armed Forces (CAAF) subsequently granted review on the issue of whether the unobjected to challenges were waived. *United States v. Marcum*, 77 M.J. 67 (C.A.A.F. 2017). The CAAF held that unobjected to challenges to improper argument are forfeited, not waived, and should be reviewed for plain error. *United States v. Marcum*, 78 M.J. 30 (C.A.A.F. 2017) (summ. disp.). The CAAF set aside this court's decision and returned the record to The Judge Advocate General for remand to this court.

Accordingly, we conduct our Article 66, UCMJ, review of appellant's case anew. We discuss appellant's claim that the prosecution committed an accumulation of preserved and unpreserved errors that deprived appellant of a fair trial.[2] We uphold our initial finding that the preserved claims of error did not materially prejudice to appellant's substantial rights. Under a plain error review, we find appellant was not materially prejudiced by any of the unpreserved claims of error. Finally, we consider the cumulative error doctrine, reviewing both claims of preserved and forfeited error, and hold appellant was not denied a fair trial.

## BACKGROUND

Appellant invited Sergeant First Class (SFC) LH and his family, which included SFC LH's fifteen-year-old daughter, MH, to his house for dinner. Appellant had previously text messaged MH stating he had "feelings" for her and "thought she was beautiful for her age." At dinner, MH was uncomfortable around appellant. She furtively drank alcohol to help her relax. Appellant invited SFC LH's family to sleepover since SFC LH and his wife had been drinking and did not

---

[2] Appellant also claims the evidence was factually insufficient to sustain his conviction. Appellant's argument focuses on the evidence of appellant's DNA on the victim's labia. Appellant argues that this evidence could be consistent with "secondary transfer" DNA, and therefore does not corroborate the charge of rape. Notwithstanding the DNA evidence, the evidence admitted at trial proved appellant's guilt beyond a reasonable doubt. *See United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987) ("after weighing the evidence in the record of trial and making all allowances for not having personally observed the witness, the [court of appeals is itself] convinced of the accused's guilt beyond a reasonable doubt.").

Appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), in his original brief to this court. After due consideration, we find these matters to be without merit.

want to drive. MH's parents slept in the first floor living room on a mattress. MH went to bed in the second floor guest room. She described feeling intoxicated as she fell asleep. MH woke up in the night to the feeling of being moved around. She opened her eyes and saw appellant. Appellant placed his hand over MH's mouth and put all of his weight on her chest. He pulled down her pants and inserted his penis inside her vagina.

After appellant finished and left the room, MH called her friend on her cell phone. Although MH did not recall the phone call, her friend testified that MH was "whisper-yelling" and sounded "worried and scared" as MH described appellant having sex with her while she repeatedly said, "no." After the phone call, MH text messaged her friend and asked her not to tell anyone. Her friend disregarded MH's request, informed her father who then told MH's mother about MH's conversation with his daughter. MH's parents took MH to get a sexual assault forensic exam (SAFE) the next day. The forensic biologist, who tested the swabs taken from MH during the SAFE, testified that appellant's DNA was found on the swabs of MH's labia.

## LAW AND DISCUSSION

Improper argument is a question of law reviewed de novo. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). Where proper objection is entered at trial, this court reviews allegations of improper argument for prejudicial error. *United States v. Fletcher*, 62 M.J. 175, 179 (C.A.A.F. 2005). Where there is no objection at trial, this court reviews claims of improper argument for plain error. *United States v. Pabelona*, 76 M.J. 9, 11 (C.A.A.F. 2017).

### A. Preserved Claims of Error

Appellant objected three times during the trial counsel's closing argument. First, appellant objected to the trial counsel's statement, "You know what happened when [MH] finally told the truth? All of those worst nightmares came true." The defense counsel stated that the basis for his objection was, "[] argument can't determine whether or not any witness has told the truth." The military judge sustained the objection and advised the panel to "disregard the last statement about the truth." The defense counsel did not object to the curative instruction. Assuming the trial counsel's argument was error, appellant has not explained how the curative instruction was deficient, and we therefore find no harm.

The second objection occurred when the defense counsel objected to the trial counsel's argument, "[MH] looked you in the eye and she told you what happened to her. You know who didn't look you in the eye? The accused." The defense counsel objected on the basis of "improper comment on the accused's testimony." The military judge overruled the objection. We agree with the military judge. As we stated in our initial decision in this case, "when [appellant] testified at trial,

3

appellant's credibility became an issue for the panel's determination. Thus, the trial counsel was permitted to reference appellant's demeanor during his trial testimony as it related to credibility." *Marcum*, 2017 CCA LEXIS 312 at *5-6. (citing *United States v. Cook*, 48 M.J. 64, 66 (C.A.A.F. 1998)). The trial counsel did not comment on appellant's rights to remain silent and against self-incrimination. *See generally United States v. Clark*, 69 M.J. 438, 444-45 (C.A.A.F. 2011).

The defense counsel objected for the third time when the trial counsel argued, "[appellant] told you one true thing yesterday: the accused did not have consensual sex." During the defense counsel's direct examination of appellant on the merits, he was asked whether he had ever had consensual sex with MH. Appellant testified that he had not. The defense counsel's questions inferred that no sexual intercourse occurred between appellant and MH. Conversely, the trial counsel was free to argue a different inference—that sexual intercourse between appellant and MH, a fifteen-year-old, would never be consensual, as a matter of law. *See Manual for Courts-Martial, United States*, (2012 ed.), pt. IV, ¶ 45b.a.(g) ("Lack of consent is not an element and need not be proven in any prosecution under [Article 120b]. A child not legally married to the person committing the sexual act, lewd act, or use of force cannot consent to any sexual act, lewd act, or use of force."). In the context of this argument and appellant's testimony, we find this was proper argument by the trial counsel.[3]

## B. *Unpreserved Claims of Error*

Appellant further asserts the trial counsel made several additional improper, but not objected to arguments. Some of these claims of error merit discussion; none merit relief as none rise to the level of plain error.

"Where an appellant has not preserved an objection to evidence by making a timely objection, that error will be forfeited in the absence of plain error." *United States v. Brooks*, 64 M.J. 325, 328 (2007). To demonstrate relief is warranted under the plain error doctrine, an appellant must show that: (1) there was error; (2) the error was plain or obvious; and (3) the error was materially prejudicial to his substantial rights. *United States v. Knapp*, 73 M.J. 33, 36 (C.A.A.F. 2014) (citing *Brooks*, 64 M.J. at 328). "[F]ailure to establish any one of the prongs is fatal to a plain error claim." *United States v. Bungert*, 62 M.J. 346, 348 (C.A.A.F. 2016). A finding or sentence of a court-martial "may not be held incorrect on the ground of an error of law unless the error materially prejudices the substantial rights of the accused." UCMJ art. 59(a).

---

[3] In our initial opinion, we found the trial counsel's statement was improper argument. *Marcum*, 2017 CCA LEXIS 312 at *6. Pursuant to our review of the record anew under Article 66, we find that this was proper argument by the trial counsel.

### 1. Burden shifting and misstatement of the burden of proof

Appellant argues the trial counsel improperly burden shifted by stating, "[the defense] will not be able to give you a motive for [MH] to lie." We do not find this is burden shifting. The trial counsel's argument was a permissible comment on the absence of any evidence that MH had a motive to fabricate a claim of rape. In essence, the trial counsel was stating that the defense counsel will be unable to argue that MH fabricated the rape.

Appellant points to two additional arguments by the trial counsel that he claims improperly burden shifted: (1) The trial counsel's statement that, "[i]f you cannot think of a reasonable motive for that girl to lie about this, you cannot find him not guilty;" and (2) The trial counsel improperly argued the strength of their evidence was "probable" compared to the improbability of the defense case. Even if we assume that both of these comments were improper statements of the government's burden of proof, the military judge instructed the panel on the correct definition of reasonable doubt. We also note the trial counsel affirmed the correct burden of proof during rebuttal argument by stating, "Reasonable doubt is not a fanciful or ingenious doubt . . . You have to find [the accused] guilty [to] an evidentiary certainty." The trial counsel did not endeavor to hide from or minimize the government's high burden, nor does it seem the trial counsel was on a mission to confuse or mislead the panel concerning the government's burden of proof. After the trial counsel's rebuttal argument, the military judge reminded the panel that, "[c]ounsel have referred to instructions that I gave you. If there is any inconsistency between what counsel have said about the instructions which I gave you, you must accept my statement as being correct." Therefore, any error was cured by the military judge's instruction and was harmless. *See, e.g., United States v. Harris*, 51 M.J. 191, 196 (C.A.A.F. 1999) (military judge's cautionary or limiting instructions to panel members assured appellant a fair trial).[4]

### 2. Arguing facts not in evidence

Second, appellant claims the trial counsel improperly argued and displayed bed sheets that were not admitted into evidence.[5] The military judge admonished the trial counsel and told him to "set them down" and "talk about the testimony, not about the [] exhibit for identification." We agree with the military judge that the

---

[4] While these are "standard" or "boilerplate" instructions, from the perspective of the panel, they are the law.

[5] It appears from the record the trial counsel was attempting to argue the bed sheets, which were collected from appellant's house two weeks after the offense, could be the wrong ones since they did not match MH's description. The trial counsel was not arguing the bed sheets directly corroborated the rape.

trial counsel should not be displaying exhibits marked for identification, but not entered into evidence, during closing argument.

To the extent the trial counsel's display of the bed sheets argued facts not in evidence, the military judge instructed the panel at the conclusion of the findings arguments, "[a]rgument by counsel is not evidence. Counsel are not witnesses. If the facts, as you remember them, differ from the way counsel state the facts, it is your memory of the facts that controls." This instruction, in addition to the military judge's previous instructions on the law, cure any error, and we find no prejudice.

### 3. Impugning defense counsel

Appellant asserts the trial counsel improperly argued the defense counsel's cross-examination of MH's friend was intended to confuse her, distract the members, and it was "inappropriate and sick." We agree generally the trial counsel should argue the evidence admitted at trial and not the motives of the defense counsel. *See, e.g., United States v. Fletcher*, 62 M.J. 175, 181 (C.A.A.F. 2005) (personal attacks on opposing counsel distract the fact finder from deciding the case solely on the evidence presented). However, in this case we find appellant's assertion is not supported by the record.

The trial counsel did not state the defense counsel's cross-examination of MH's friend was "inappropriate and sick." Instead, the trial counsel commented on appellant's trial testimony in which he admitted to sending MH, then fourteen years old, text messages stating, "I think you're beautiful for your age." The trial counsel then argued "[t]here is no way to twist that. That is inappropriate and sick." In context, the trial counsel's comment referenced appellant's admitted inappropriate text messages with a fourteen-year-old, not the defense counsel.

As far as the trial counsel's argument that the defense counsel's cross-examination of MH's friend was intended to confuse her, we find under the circumstances of this trial, it was fair argument. The defense counsel's cross-examination of MH's friend was riddled with misstatements of the evidence, impermissible questions on the ultimate issue, and repetitive and confusing questions. The military judge *sua sponte* took corrective action for some of these instances. The cross-examination of MH's friend was indeed confusing. What is obvious to this court in reviewing the record, would have been equally obvious to the panel members at trial. Therefore, even assuming improper argument, we find any error was not prejudicial.

### 4. *Sentencing matters during argument on the merits*

Appellant asserts the trial counsel improperly argued sentencing matters on findings when he stated, "[t]his did rip apart her family. This did devastate her father and his friendship. People did question whether she was lying or not." There are two ways to interpret this argument.

First, the trial counsel's argument could be interpreted as appropriate rebuttal to evidence elicited by the defense counsel during cross-examination of MH, MH's friend, and MH's mother and father. During cross-examination of MH, the defense counsel questioned why she did not report the rape immediately to one of her family members present in the house. MH explained she "didn't want them to know." During re-direct, the trial counsel asked MH to explain why she did not want them to know. MH explained, "my dad and the accused, they were good friends and something like that is, one embarrassing to explain [to] somebody, two, extremely scary." During cross-examination of MH's mother and father, the defense counsel asked a series of questions relating to how much MH's family trusted appellant and MH's statements to them that she did not remember what happened. It was appropriate for the trial counsel to explain during argument MH's mindset and reluctance for reporting that a close and trusted family friend raped her.

Or, second, the trial counsel's argument could be interpreted as requesting the panel to find appellant guilty because of a torn apart family. That would be improper as victim impact evidence is generally not proper argument for findings. To the extent the trial counsel's argument could be understood two different ways, we review the record in the light most favorable to the prevailing party. Therefore, any error was not clear and obvious. Any potential error in this argument was so slight that both the military judge and appellant failed to recognize it. *See United States v. Short*, 77 M.J. 148, 151 (C.A.A.F. 2018) (noting alleged improper argument was not plain and obvious where neither the military judge nor appellant recognized it, "indicating neither saw the need for remedial measures at all").

### 5. *Sentencing argument*

Appellant argues it was improper for the trial counsel to comment on appellant's unsworn statement during the government sentencing argument by stating appellant did not take responsibility for his crime. During his unsworn statement appellant addressed MH's family and said, "I'm sorry that you had to go through this and everyone had to go through this." Appellant's statement apologized for the effects of his crimes, but not the crimes themselves. By giving an unsworn statement, appellant opened the door to allowing the trial counsel to comment on appellant's acceptance of responsibility. *See* Rule for Courts-Martial [R.C.M.] 1001(b)(5) (evidence of rehabilitative potential); *United States v. Edwards*, 35 M.J. 351, 356 (C.A.A.F. 1992) (An accused's lack of remorse is a fair inference when it can be fairly derived from the evidence). Since appellant did not accept

responsibility for raping MH during his unsworn statement, we find the trial counsel's sentencing argument was appropriate.

Appellant also claims the trial counsel made improper sentencing argument by asking the members to place themselves in the shoes of the victim. We disagree. During appellant's unsworn statement, he stated the year leading up to the court-martial had "been like living hell every day." The trial counsel addressed appellant's statement during the government's sentencing argument by asking the panel to "[t]hink about [MH's] family. Think of the hell that they have been living through over the last year. Think about the hell that they're going to continue to live through for the rest of their lives." The trial counsel never asked the panel members to put themselves in the place of MH's family. It is entirely permissible argument to ask the members to consider the impact of appellant's crimes on MH and her family. *See* R.C.M. 1001(b)(4) (evidence in aggravation); *United States v. Edmonds*, 36 M.J. 791, 793 (Army Ct. Crim. App. 1993) (asking panel members to consider victim impact evidence is permissible argument).

### C. Cumulative Effect of All Claims of Preserved and Unpreserved Error

We review "[t]he cumulative effect of all plain errors and preserved errors . . . de novo." *United States v. Pope*, 69 M.J. 328, 335 (C.A.A.F. 2011) (citation omitted). Three factors are weighed to determine whether the cumulative effect of improper arguments is prejudicial: "(1) the severity of the misconduct, (2) the measures adopted to cure the misconduct, and (3) the weight of the evidence supporting the conviction." *United States v. Andrews*, 77 M.J. 393, 402 (C.A.A.F. 2018) (citation omitted). Although none of the claims of error are sufficient to merit reversal on their own, in combination they may necessitate reversal. *United States v. Banks*, 36 M.J. 150, 170-71 (C.M.A. 1992) (citation and quotation marks omitted).

### 1. Severity

In appellant's case, the severity of the trial counsel's improper arguments, if any, is minor when viewed in context of the entire trial. *See, e.g., Fletcher*, 62 M.J. at 184. The claims of error in the trial counsel's argument are contained within thirteen pages of a six hundred page record of trial. We note that when the military judge saw error during the trial counsel's argument—displaying an exhibit not entered into evidence—he *sua sponte* interjected and told the trial counsel to set the exhibit down. Similarly, when the defense saw what he perceived to be error in the trial counsel's argument, he objected. The residual matters about which appellant now complains were neither considered errors plain or obvious at trial, and we found them to be neither plain nor obvious error during our Article 66 review.

## 2. *Curative measures*

The military judge gave curative instructions after both parties presented argument. The defense counsel never requested a more tailored or specific curative instruction, and never moved for a mistrial. Appellant has not alleged, nor is there any indication from the record of trial, that the panel members did not follow the military judge's instructions. Appellant has not demonstrated "a reasonable probability that, but for the error [claimed], the outcome of the proceeding would have been different." *United States v. Robinson*, 77 M.J. 294, 299 (C.A.A.F. 2018) (citation and quotation omitted).

## 3. *Weight of the evidence*

Finally, the government admitted overwhelming evidence of appellant's guilt. Appellant admitted to texting MH she was beautiful for her age. MH testified in detail about the rape. MH reported the rape to her best friend within hours, which was corroborated by her friend's testimony and text messages with her friend. Appellant's DNA was found on MH's labia. Under the circumstances of this case, we find appellant was not denied a fair trial. *See United States v. Dollente*, 45 M.J. 234, 242 (C.A.A.F. 1996) ("[C]ourts are far less likely to find cumulative error where evidentiary errors are followed by curative instructions or when a record contains overwhelming evidence of a defendant's guilt.") (internal citation and quotation marks omitted). In appellant's case, any potential error was followed by curative instructions to the panel members and the record contains overwhelming evidence of appellant's guilt. Accordingly, we are "confident that the members convicted appellant on the basis of the evidence alone." *United States v. Hornback*, 73 M.J. 155, 161 (C.A.A.F. 2014).

## CONCLUSION

Upon reconsideration of the entire record, the findings of guilty and the sentence are AFFIRMED anew.

Senior Judge BURTON and Judge FLEMING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court